## J. W. KNAPP ET AL. v. M. PATTERSON.

### No. 1486.   Decided December 14, 1905.

**1.—Evidence—Part of Instrument.**

Though a part only of a written instrument may be offered in evidence where the omitted part relates to different matters and in no way qualifies the meaning of the part offered, this can not be permitted where the omission perverts the meaning of the part offered and gives it a construction contradictory of what was intended.   (P. 402.)

**2.—Same.**

One claiming school land under an application to purchase the same can not show that the land was placed on the market by the commissioner by introducing the certified list of lands, with their classification and appraisement, sent by the commissioner to the county clerk, as required by law, but omitting so much of the certificate and list as showed that the tract which he claimed had been previously sold and was not now on the market.   (Pp. 401, 402.)

**3.—Purchase of School Land—Rejected Application.**

One claiming school land under an application to purchase which has been rejected by the commissioner of the General Land Office has the burden of showing that his application was wrongfully rejected.   (Pp. 402, 403.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Coke County.

Patterson sued Knapp and others in trespass to try title and recovered.   Defendants appealed, and on affirmance obtained writ of error.

*Hill & Lee,* for plaintiffs in error.—Where the whole of a record offered in evidence is necessary to explain its contents and make the same intelligible, and the whole of said record is necessary in order to make the same speak the truth, then a part only of such record as would not be intelligible as to its contents, and would not make the same speak the truth, could not be introduced without the whole.   Winans v. McCabe, decided by Court of Civil Appeals, Third Supreme Judicial District, December 6, 1905.

The court erred in refusing to give special charge No. 2, asked by defendant, which is as follows: "The evidence in this case shows that M. Patterson sues upon rejected applications, made to the commissioner of the general land office of the State of Texas, to purchase the lands in controversy in this suit; and there being no evidence in this case to show that said commissioner acted wrongfully and without authority in rejecting said applications of plaintiff, you will therefore return a verdict in favor of defendants."   Landers v. Boliver, 73 S. W., 1075; Reeves v. Smith, 58 S. W., 185; Corrigan v. Fitzsimmons, 97 Texas, 595; O'Keefe v. McPherson, 61 S. W., 534; Binion v. Harris, 74 S. W., 580; Pruitt v. Scrivner, 77 S. W. 976; Bates v. Bratton, 96 Texas, 279; Knippa v. Brown, 82 S. W., 658; Jones v. Wright, 84 S. W., 1053; Parrish & Potter v. Frey, 18 Texas Civ. App., 271 (278); Pendergrast v. Williamson, 6 Texas Civ. App., 725 (729); Eason v. Eason, 61 Texas, 225; Nevins v. McKee, 61 Texas, 412; Teal v. Terrell, 58 Texas, 257.

*R. B. Truly* and *Brightman & Upton,* for defendant in error.—
Where an officer is authorized or required by law to make a certificate
of any fact of record in his office, and in making such certificate said
officer complies with the law, the fact that he adds an additional certifi-
cate, not authorized by law, will not affect that part of the certificate
which complies with the law, but the part which is legal will be re-
ceived in evidence and the illegal part will be rejected. Acts of Leg.
1901, p. 292, sec. 1; Byers v. Wallace, 87 Texas, 511.

The commissioner of the general land office is not authorized to give
certificates of fact, only such as he certifies to as being a matter of
record in his office. Batts' Annotated Stat., art. 2308; Byers v. Wallace,
87 Texas, 511; Dikes v. Miller, 11 Texas, 98; Hamilton v. McAuley,
65 S. W., 295; Boaz v. Powell, 96 Texas, 3.

A plaintiff in trespass to try title will not be required by the court
to introduce evidence only as to show title in himself, and under no
circumstances will he be required to offer evidence that will tend to
defeat his title and build up that of his adversary.

Where school land has been classified and appraised by the commis-
sioner of the land office, and listed with the county clerk for sale, the
land is on the market, and under such circumstances when a party
who is entitled to buy said lands, makes application to purchase the
same and in all things complies with the law, said land should be
awarded to him. Batts' Annotated Stat., art. 4218f; Boaz v. Powell, 69
S. W., 976; Valentine v. Sweatt, 78 S. W., 385.

GAINES, Chief Justice.—This action was brought by the defend-
ant in error against the plaintiffs in error to try title to two sections
of school land. The plaintiffs in error are the administrator of the
estate of C. W. Knapp, deceased, and the widow and heirs of the de-
cedent. The plaintiff in the trial court recovered a judgment there for
the lands, and this judgment was affirmed upon appeal.

The plaintiff claimed as a purchaser the sections in controversy, un-
der the statutes which authorized the sale of the school lands of the
state, and, upon the trial, adduced evidence to show that he had set-
tled in good faith upon one of the sections, and proved that on the
17th day of December, 1901, he made application to purchase the two
sections and complied with all the requisites of the law to make him
a purchaser. These applications were endorsed, "Rejected, December
23, 1901. Charles Rogan, Commissioner." In order to show that the
sections were unsold and had been duly classified and appraised and
placed upon the market, he offered in evidence a list of the school lands
of Coke County showing their classification and appraisement, which
was certified as such by the commissioner of the general land office on
May 1, 1901, and which had been sent to the county clerk of Coke
County as required by law; but offered only a part of the certificate.
The sections in controversy appeared upon the list; but opposite the
number of each of them and upon the same line in a column under the
head of "remarks," appeared the following: "C. W. Knapp, 8-30-99."
We will here set out the whole certificate embracing in brackets the

part not offered: "I, Charles Rogan, commissioner of the general land office of the State of Texas, hereby certify that the foregoing 24 pages contain a true and correct list of all the school lands situated in Coke County, Texas, and that the same contains a correct classification and valuation, as shown on the records of the general land office, and that the same is a correct and revised list of all unsold school lands therein. [I further certify that where there is a name and date given under the head of "Remarks," it signifies the time when and to whom the section or part of section was patented or sold, and that said sale is still in good standing.] Given under my hand and seal of office at Austin, Texas, this 1st day of May, A. D. 1901." Now it may be that if in an instrument of this character two statements were included relating to different matters, one of which in no manner qualified the other, one might be offered in evidence, without including the other. But we know of no authority that permits the garbling of a writing by allowing the introduction of only a part thereof so as to pervert its true meaning, and thereby to give it a construction directly contradictory of that which was intended. Taking the table and the entire certificate, they relate to the school lands of Coke County, both those sold and those unsold. The part of the certificate omitted and not offered, shows as plainly as words can show, that the two sections in controversy had been sold and that the sale was in good standing. The object of the commissioner of the general land office in sending down his classification and appraisement seems to have been to show the status of all the school lands in the county. To indicate on the same sheet what lands had been sold and to whom may have subserved a useful purpose. But let us concede for the sake of argument, that the law did not contemplate that the commissioner should do this; the fact remains, that this is what he has done. The part of the certificate omitted was intended to show, and did show beyond all question, that the lands in controversy had been sold and were not upon the market. The certificate taken altogether relates to the same matter, and one part is explanatory of the other. It is therefore "one and inseparable." In the Algernon Sidney case (9 How. State Trials, 999), the defendant arguing in his own behalf and referring to the passage of the scripture which reads: "The fool has said in his heart: there is no God," said: "My lord, if you will take scripture by pieces you will make all the penmen of the scripture blasphemous; you may accuse David of saying, 'there is no God,'" etc., to which the Lord Chief Justice replied: "Look you Mr. Sidney, if there be any part of it that explains the sense of it, you shall have it read." The part of the certificate which was omitted "explains the sense" of that which had gone before. Therefore the objection interposed on behalf of the defendants that it was not competent to read a part without reading the whole should have been sustained.

We are also of the opinion that since the plaintiff was suing upon an application to purchase, which had been rejected by the commissioner, he should have shown that his application was wrongfully refused. It is a familiar rule that the action of an officer is presumed to be right until the contrary is shown, and that this rule applies to the commissioner of the general land office has been frequently held by this court.

In the case of Jones v. Wright (12 Texas Ct. Rep., 110), Mr. Justice Williams, speaking for the court in reference to a rejected application, says: "The reason for the rejection was the existence of a prior sale to the defendant, which was a valid and legal reason, unless such sale is shown to be void. As it was made and recognized by the officers of the government entrusted with such matters, and as defendant is in possession and enjoyment of the land under it, the presumption is that it is valid until the contrary affirmatively appears, and the plaintiff has the burden of proof to show its invalidity." Citing Boaz v. Powell, 96 Texas, 3.

For the reasons indicated, the judgment is reversed ᵪand the cause remanded.

*Reversed and remanded.*