## RONE v. KUEHN.
### No. 4379.

Court of Civil Appeals of Texas. Amarillo.
March 18, 1935.

Rehearing Denied April 15, 1935.

E. A. Bills, of Littlefield, and G. G. Hazel, of Sudan, for appellant.

C. H. Tate, of Muleshoe, and McWhorter & Howard, of Lubbock, for appellee.

MARTIN, Justice.

Both parties to this appeal claim title to 373.8 acres of land. It was awarded to appellee by the Commissioner of the General Land Office on May 18, 1933, on his application to purchase same as unsurveyed school land, under the provisions of section 6, c. 271, General Laws of the 42nd Legislature (Vernon's Ann. Civ. St. art. 5421c, § 6). The field notes of this tract place it between league 174,

Sutton county school land, on the south, and the John H. Stephens survey, on the north. The disposition we make of this appeal renders it unnecessary for us to decide whether or not the land in controversy was vacant and unsurveyed school land within the meaning of the act, or whether or not it was a part of one or the other of the two above surveys between which it purports to be.

We dispose of the questions raised on this appeal upon the assumed hypothesis that the strip of land in controversy was unsurveyed school land at the time of its award to appellee as such, but do not expressly so decide for reasons that will sufficiently appear in this opinion.

The land in controversy had been in the possession of appellee and his predecessors in title at the time of its award for some twenty years. It was used for grazing purposes in connection with league 174, and was inclosed with said league. Improvements had been placed on said strip by appellee's predecessors in title of the value of some $4,000 long prior to this controversy. These, consisting of a five-room house, garage, windmill, etc., were used and occupied by the respective owners of same, their employees and tenants, for years prior to all dates mentioned herein.

On December 1, 1931, appellant made application to have same surveyed under the terms of said act of the 42nd Legislature. The land was surveyed, due notice given, as provided in said act, and field notes were timely filed in the General Land Office. On January 18, 1932, appellee made application for a survey. Otto Stolley likewise filed a similar application a short time thereafter. On and prior to December 1, 1931, negotiations were pending for the sale of said league 174 and other lands from Stolley to appellee. These eventuated on December 19, 1931, in a sale of such lands and the delivery of a deed from Stolley to appellee of leagues 173 and 174, and which deed contained the following stipulation: "That grantors further transfer, release, and quitclaim unto the grantee herein such right, and title as they may have in and to all other lands inclosed by fences with the above described two leagues of land, including such possessory right, if any, that they now have or may hereafter have to any State lands within said inclosure together with all improvements thereon but without warranty by the grantors, express or implied."

It further appears that Stolley waived any right he had to the land in dispute in favor

of appellee. Such strip was awarded to appellee on the date mentioned, under the prior preference right given by said act of the 42nd Legislature to purchase same, the material portions of which read: "If the area is found by the Commissioner to be unsurveyed and subject to sale, he shall value the land and give notice of the valuation to the applicant who may purchase the land on the same terms and conditions as prescribed by the law and the regulations for the sale of surveyed land; provided, if the area should be in the enclosure of another person claiming it in good faith, or occupied as a home by another, such holder or occupant shall have a preference right for a period of sixty (60) days after service of citation to have the land surveyed on his own application to the surveyor and on the return of the sum advanced by the first applicant for citation, and thereupon fix his right to purchase as therein provided."

Thereafter appellant filed suit against appellee in trespass to try title, claiming that since his application preceded in time that of appellee, and that appellee had no preference right to purchase, the Commissioner of the General Land Office was without power to make said award.

■ The trial court peremptorily instructed the jury to find for appellee, and judgment was accordingly so entered. We are of the opinion that the action of the trial court was correct. The award sufficiently evidenced prima facie ownership in appellee, and the burden was upon appellant to show that the Land Commissioner exceeded his authority in making same. 34 Texas Jurisprudence pp. 138, 139; Knapp v. Patterson, 99 Tex. 400, 90 S. W. 163.

■ We think it conclusively appears that appellee's predecessor in title had a prior right of purchase, and that such right passed to appellee. The main evidence cited by appellant to show otherwise consists of excerpts from what is denominated abstracts of title filed in the trial court by both parties. These were mainly from an ex parte affidavit made and filed by appellant and another, and apparently recorded by the county clerk, and thereafter inserted in said abstracts. We quote a portion of these: "That said Otto Stolley had long theretofore made the statement that he knew that this land was vacant state land and that said statement had been made several years prior to the filing of the Plaintiff's said application for survey and purchase; that Kuehn knew at all times since before he purchased any adjoining lands that said land was vacant and that he was not

purchasing the same from said Stolley along with that which Stolley was really selling to him."

Such a statement was not entitled to record in the county clerk's office, was rank hearsay, and proved nothing that could be used as a basis for disputing appellee's title. The fact that appellee may have thought that the strip was unsurveyed school land when he purchased from Stolley could not affect his right of recovery; it appearing that Stolley's preference right to purchase passed to appellee. We think Stolley's preference right was an assignable one, and could be transferred to appellee. Stiles v. Hawkins (Tex. Com. App.) 207 S. W. 89; Gunnels v. Cartledge, 26 Tex. Civ. App. 623, 64 S. W. 806; 34 Tex. Jur. p. 74; 5 Tex. Jur. p. 18.

■ Appellant's application for a survey was filed December 1, 1931. The said award was not made until May, 1933. We find nothing in this record to indicate that appellant complied with the law requiring payment of one-fortieth of the purchase price and the tender of a proper obligation for the remainder. Apparently appellant failed to do this, and, if any excuse for such failure existed, same was not proven. The quoted statute provides for its purchase "on the same terms and conditions as prescribed by the law * * * for the sale of surveyed land." Article 5312, R. C. S. 1925, provides in part: "One desiring to buy any portion of such surveyed land shall make separate written application to the Commissioner for each tract applied for as a whole * * * and pay one-fortieth of the aggregate price offered for the land, and submit his obligation in a sum equal to the amount of the unpaid purchase price offered for the land. * * *"

As a condition precedent to his right of recovery a performance of this statutory requirement, or a legal excuse for his failure to so perform, should have been proven by appellant.

One of the specific requirements of the above act of the 42nd Legislature (Vernon's Ann. Civ. St. art. 5421c, § 6) is: "All applications to purchase, except where otherwise provided, must be filed in the General Land Office within sixty (60) days from the date of the notice of valuation."

This record is bare of any proof of any compliance, attempted compliance, or excuse for noncompliance, with either of the above statutes between December, 1931, and May 18, 1933, the date of appellee's award. This was fatal to appellant's case. 34 Tex. Jur. pp.

157 to 159; Gracey v. Hendrix, 93 Tex. 26, 51 S. W. 846.

The judgment is affirmed.