

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

July 10, 1953

Hon. Bascom Giles                    Opinion No. S-66
Commissioner
General Land Office                  Re: Assignability of a good
Austin, Texas                            faith claimant's prefer-
                                         ential right to purchase
                                         land under Section 6,
Dear Sir:                                Article 5421c, V.C.S.

        Your opinion request of June 4, 1953, reads
as follows:

        "We desire the opinion of your office as
to whether or not a Good Faith Claimant's pre-
ferential right under Article 5421c, Section 6,
V.A.C.S., is assignable.

        "E. H. Schuch, San Angelo, Texas, filed
in the General Land Office on February 4, 1953,
application to purchase certain land in Coke
County as a Good Faith Claimant under the pro-
visions of an act approved June 19, 1939. A
portion of the area included within Mr. Schuch's
application is within the enclosure of adjoin-
ing lands which he owns. However, other por-
tions of the area in said application are out-
side of Mr. Schuch's enclosure. Mr. Schuch has
acquired assignments from the owners of the lands
adjoining the balance of such alleged vacancy and
such assignments are limited to the area described
in Mr. Schuch's application. There have been filed
in this office affidavits and supporting instru-
ments to the effect that all of the alleged vacant
area is included within enclosures of Mr. Schuch's
land and within the enclosures of Mr. Schuch's as-
signors.

        "At the date Mr. Schuch's application
(S.F. 15495) was filed in this office, Feb-
ruary 4, 1953, there was no well producing
oil or gas within five miles of the area in-
cluded in said application but a producing
oil well has been brough in since that date.
It has been the policy of this office to re-
quire each land owner to make a separate
Good Faith Claimant application on the por-
tion of a vacant area within his enclosure.
If this office approves Mr. Schuch's appli-
cation for the entire area described in such

application, the State will be entitled to
reserve 1/8 of the sulphur and 1/16 of all
other minerals as a free royalty to the
State on the entire area. If, however,
this office requires that each land owner
file separate Good Faith Claimant applica-
tions at this date, the State will be en-
titled to reserve a free royalty of 1/8
of the sulphur and all other minerals on
those portions of said vacant area not
within Mr. Schuch's enclosure.

". . .

"Your opinion as to whether or not
such preferential rights are assignable
prior to the possessors of such rights
making application to exercise same is
requested by this office in order that
the proper mineral reservation to be re-
served by the State can be ascertained."

Under the provisions of Article 5421c, V.C.S.,
a "good faith claimant" is given a preferential right
to purchase or lease unsurveyed school land, commonly
called a "vacancy." Section 6(a) of said statute, omitt-
ing portions not material to this inquiry, defines "good
faith claimant" as

"any person . . . occupying or using,
or theretofore occupying or using, or whose
predecessors in interest, have occupied or
used a vacancy . . . with a good faith be-
lief that the same was included within the
boundaries of a survey . . . previously
. . . awarded . . . . Provided a person
. . . or those under whom he claims, shall
have said land in his enclosure or under
definite recognized boundaries and be in
possession thereof for . . . ten (10) years
with a good faith belief that he was the
owner . . . , except that whenever the owner
of the tract . . . adjoining the alleged va-
cant area makes application to buy . . .
and no prior application . . . is on file,
then such owner . . . who otherwise quali-
fies as a good faith claimant, shall be
considered a good faith claimant without
regard to the length of time he may have
owned . . . or had such alleged vacant

tract inclosed, or under definite recog-
nized boundaries and in possession with
the belief that the vacant area was in-
cluded within his survey." (Emphasis added.)

From the underlined portions of this statute,
it will be observed that, with the exception below, an
assignee of a preferential right in vacant lands, re-
gardless of his own good faith, will himself be a "good
faith claimant" if his predecessors in interest held
such status. The exception is where the vacancy assign-
ee's status as "good faith claimant" depends on his own-
ing adjoining land and he owns none. In the latter case,
whatever rights he has must be as assignee of a good
faith claimant, which requires consideration of whether
such rights are assignable.

In Rone v. Kuehn, 81 S.W.2d 194 (Tex.Civ.App.
1935, error ref.), cited in your opinion request, a va-
cancy applicant filed his application, after which the
tract of which the vacancy was a part was sold along
with the preferential right in the vacancy, and the
grantee thereupon filed his application under the pro-
visions of the 1931 Act. In upholding the preferential
right of the grantee or assignee to purchase, the court
said:

"We think it conclusively appears
that appellee's predecessor in title had
a prior right of purchase, and that such
right passed to appellee . . . .

". . . The fact that appellee may
have thought that the strip was unsur-
veyed school land when he purchased
from Stolley could not affect his right
of recovery; it appearing that Stolley's
preference right to purchase passed to
appellee. We think Stolley's preference
right was an assignable one, and could
be transferred to appellee. Stiles v.
Hawkins (Tex.Com.App.) 207 S.W. 89; Gun-
nels v. Cartledge, 26 Tex. Civ. App. 623,
64 S.W. 806; 34 Tex. Jur. p. 74; 5 Tex.
Jur. p. 18." (81 S.W.2d at 195)

It is evident that the court in that case did not re-
quire the assignee to be a good faith purchaser. The
effect of the opinion is that the assignee was entitled

to stand in the shoes of his assignor, who was a good faith claimant.

In <u>Graham v. Henry</u>, 17 Tex. 164, 167 (1856), involving an assigned land certificate, the court said:

"Whatever exclusive right a man has in anything, he has a right to dispose of absolutely as he pleases, provided he makes no disposition of it prohibited by law . . . Hence any incipient title or contingent interest which is susceptible of being ripened into a title to lands may be assigned; and such has been the usage in this and other countries. It has never been supposed necessary to consummate the title before the right could be assigned."

We have considered the following portion of Section 6(g) of Article 5421c:

"No title to either land or mineral interest in land acquired from the State under preference right shall ever be held to pass as an after-acquired title by reason of any covenant of general warranty, description, or other provision, contained in any conveyance executed prior to the date of award under such preference."

However, inasmuch as the assignee in this case is to receive the award from the State, no "after-acquired title" is involved, and accordingly this paragraph can have no application here.

We find nothing in the 1939 amendment to Article 5421c (Acts 46th Leg., 1939, ch. 3, p. 465) prohibiting the assignee of a good faith claimant from making an application to purchase the vacant land covered by the assignment and receiving an award thereof under this statute. It is our opinion, therefore, that under the above authorities Mr. Schuch succeeded to the rights of his grantors or assignors and is entitled to purchase the entire area described in his application under the provisions of Section 6 of Article 5421c.

## SUMMARY

The preferential right of a "good faith claimant" under Sec. 6 of Art. 5421c, V.C.S., is assignable. The assignee of a "good faith claimant," regardless of his own good faith, is himself a "good faith claimant" except in cases where the assignee's status of "good faith claimant" depends on his owning adjoining lands and he owns none.

APPROVED:

Jesse P. Luton, Jr.
Land Division

Willis E. Gresham
Reviewer

Burnell Waldrep
Executive Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By J. Arthur Sandlin
J. Arthur Sandlin
Assistant