## A. COHN v. SHERMAN REFINING COMPANY.

Decided May 3, 1905.

**1.—Agency—Written Contract.**

Where an agent suing for commission on orders which his principal had failed to fill relied upon letters as authorizing sales of the character he had made, which were not contemplated by the original contract, the letters being of doubtful construction and effect, there was no error in the court refusing to construe them as authorizing such contract and in leaving the question to the jury.

**2.—Same—Request for Charge.**

It is questioned whether the appellant can complain of the failure of the court to construe correspondence as constituting a written contract in the absence of a request for such instruction.

Appeal from the County Court of Grayson County. Tried below before Hon. G. P. Webb.

*McReynolds & Hay*, for appellant.—The plaintiff having alleged that if he was mistaken in assuming that he had authority to sell oil on a basis of "sales guaranteed" and on consignment, then that the defendants, by their letters, induced him to believe that they were willing to ship said oil on consignment; and such letters having been introduced in evidence it was the duty of the court to construe same and to instruct the jury the meaning and effect of the agreements or contracts contained therein. Ivey v. Williams, 78 Texas, 685; Cook v. Dennis, 61 Texas, 246; Shepherd v. White, 11 Texas, 346; Soell v. Hadden, 85 Texas, 182; Bennett v. Hollis, 9 Texas, 437; Stell v. Paschal, 41 Texas, 645; Alstin v. Cundiff, 52 Texas, 461; Howell v. Hanrick, 24 S. W. Rep., 828; Taylor v. McNutt, 58 Texas, 73; Long v. McCauley, 3 S. W. Rep., 692.

*C. H. Smith* and *A. L. Beaty*, for appellee.—There is no phase of the evidence which would warrant a judgment in appellant's favor on the theory that after going to California he obtained permission from appellees to sell oil in the manner and on the terms he did, because: (1) appellee's consent to place oil there on consignment was, at most, conditional and uncertain; (2) it was undisputed that when they gave such consent they had been misled by appellant in regard to the character of orders he had taken from retail merchants, and (3) before

there had ever been any absolute and unequivocal refusal on the part of appellees to comply with their agreement appellant abandoned his contract and returned to Texas. Kilgore v. Northwest, etc., Assn., 90 Texas, 139; Dingley v. Oler, 117 U. S., 490; United States v. Smoot, 15 Wall., 36; Benjamin on Sales, sec. 568; Beach on Contracts, sec. 413.

The court charged in reference to the alleged agreement made by correspondence. This charge was correct and is not assailed as a legal proposition. It was therefore incumbent upon appellant to ask a more specific instruction if he desired any of the letters construed and, having failed to do so, he should not be heard to complain. Ivey v. Williams, 78 Texas, 687.

KEY, Associate Justice.—Appellant brought this suit against three individuals composing the partnership firm of the Sherman Refining Company. He alleged that the defendants employed him to go to the State of California and represent them in the sale of a commodity prepared by the defendants and known as Tasco Cooking Oil. He averred that he was to receive a commission on all sales contracted by him, and that the defendants were to pay one-half of his expenses. He also alleged that he negotiated certain sales, and that the defendants failed to ship the oil to California, thereby breaching the contract, and causing him to lose his commission. He made the further averment that, by authority of the defendants, he expended certain sums of money in advertising the business.

The defendants interposed a general denial and a special plea, alleging that the plaintiff had exceeded his authority, and contracted to sell the oil referred to on terms and conditions prohibited by the contract under which he was employed.

There was a jury trial, resulting in a judgment in favor of the plaintiff for $2.50, and he has appealed. The trial court instructed a verdict for the plaintiff for $2.50 expended by him for advertising, and submitted the other issues to the jury.

The plaintiff testified that he contracted to sell two carloads of Tasco Oil to jobbers in California, but, according to his own testimony, these sales were not absolute but conditional. He agreed with the jobbers that they might take the oil and sell it to retail dealers upon a guaranty, and that if the latter were not satisfied with the oil they could return it to the jobbers, and the jobbers would not be required to pay the defendants for it. According to testimony submitted by the defendants, the plaintiff was not authorized by the contract by which he was employed to sell upon such conditions. However, the plaintiff alleged in his petition that if the original contract did not confer such authority, that said contract was modified by a subsequent agreement authorizing him to make such sales.

The first assignment of error complains because the court did not in its charge construe certain letters that passed between the parties, and were put in evidence as tending to support the contention that the defendants had authorized and consented to the character of sales made by the plaintiff. We do not think that the documents referred to clearly and distinctly express the terms of a contract between the parties. In

some of them there are phrases and sentences which, considered by themselves, tend to establish the plaintiff's contention; but there are others which tend otherwise, thereby leaving the matter in uncertainty and doubt. This being the case, we do not think that the court should have treated the letters as embodying a written contract and instructed the jury as to the purport and meaning thereof. Furthermore, the court ·was not requested to give such instruction; and for that reason, perhaps, the appellant is in no position to complain on that score.

Several objections. are urged to the court's charge, and to the refusal of requested instructions. Considering the entire charge of the court, we think it stated the law with reasonable accuracy and submitted the controverted issues correctly and fairly, and that no error was committed in refusing requested instructions.

Some objections are also urged to the rulings made in reference to the admissibility of testimony. The questions presented have been duly considered, and we think the trial court ruled correctly.

We also overrule the assignments which complain of the verdict of the jury as not being supported by testimony.

No reversible error has been shown and the judgment is affirmed.

*Affirmed.*