C. A. BRYANT COMPANY v. HAMLEN INDEPENDENT
SCHOOL DISTRICT.

No. 5023.   Decided March 7, 1929.
(14 S. W., 2d Series, 53.)

*Roy L. Duke, Stinson & Brooks,* and *Coombes & Andrews,* for appellant.

Defendant's offer in its letter of June 24th, 1920, accepted by plaintiff's written order of July 27th, 1920, constituted the written contract between the parties, and there being no appropriate pleading authorizing the same, the terms of such contract cannot be varied by parol evidence.

The contract between the parties did not obligate the defendant to install the system. Its obligation in this respect was limited to furnishing a thoroughly competent man to install the same, at $6.00 per day and expenses to be paid by the plaintiff. There is no evidence of any breach of this obligation.

All prior negotiations between the parties were merged into the written contract evidenced by defendant's written offer of June 24th, 1920, and plaintiff's written acceptance of July 27, 1920, and the evidence of prior verbal warranties by defendant's agent of an installed system was inadmissible as tending to vary and contradict the terms of the written contract.

Whatever may have been the prior negotiations between the parties it seems clear to us that the contract between the parties was constituted by the appellant's letter of June 24th, 1920, and the subsequent acceptance of the offer by appellee's order of July 27th, 1920, and that no amount of amended pleading by appellee could escape the consequences thereof.

*Thomas, Pope & Shapard,* for appellee.

The pleadings and evidence of the instant trial show that the appellant's said warranty letter in question with the acceptance thereof, does not constitute the entire contract between the parties made the basis of this suit, but that the real contract was one for the sale and installation of a Chemical Toilet System. That the offer of sale, the detailed explanation of the installation, operation and efficiency through the appliance of chemicals were all orally made and said oral offer with the subsequent acceptance formed the major part of said contract. That the acceptance of said oral offer was induced by said letter of appellant's guaranteeing the installation of said system and when installed to be odorless, sanitary and satisfactory in every respect for the purposes for which it was furnished.

The real contract was a contract to furnish and install a Chemical Toilet System completely supplanting the one in use, which new system, when installed, would be odorless, sanitary and satisfactory in every respect. This contract was breached in that said system, when installed and tested, wholly failed.

The allegation of appellee's first amended petition, on which appellee went to the instant trial, as well as all of appellee's proof is that the contract out of which this suit grew was one for the sale and installation of the Pease Chemical Toilet System to be used in connection with said schools and thereby supplant the dry toilets or ordinary privies then in use.

The allegations are that said contract of sale embraced many integral parts other than the seats mentioned in said letter, such as four large metallic cylindrical tanks, twelve to fourteen feet long, three feet in diameter, drainage pipes, plumbing vents, large septic tanks to be constructed under ground in accordance with specifications. None of these were referred to in said letter.

We submit that Question No. 2 should be answered that it was permissible under the amended pleadings for appellee to prove the prior oral statements and representations of appellant's agent, in substance that appellant would, for the price quoted, sell to appellee and install a Pease Chemical Toilet System.

The subject matter found in said letter is not sufficiently described to show to the court what was in the minds of the party at the time appellee received the letter in question until the oral offer and all that was said and done by appellant's agent in connection therewith has been admitted in evidence.

MR. JUDGE LEDDY delivered the opinion of the Commission of Appeals, Section B.

Certified questions from the Court of Civil Appeals for the Eleventh Supreme Judicial District. The certificate is as follows:

"The above styled and numbered cause is under submission in this court and the appeal is the second one. The first is reported under the same style in 274 S. W., 266. Writ of error was applied for by appellees and dismissed for want of jurisdiction. Attention is called to the decision in that case to the effect that the letter copied in the opinion, together with the order executed by appellee, constituted the contract of the parties and that said contract did not evidence the sale of an installed system and could not be varied by parol evidence unless authorized by appropriate pleadings. Further, that there was no evidence that the equipment sold by appellant to appellee was wholly without value. After the remand there ordered appellee's pleadings were amended so as to allege that the contract sued on was partly oral and partly written and was for the sale and installation of a toilet system supplanting the system appellee then had in use. That the oral offer was subsequently and before its acceptance confirmed by a written letter, expressly guarantying the toilet system odorless, sanitary and satisfactory in every respect, and in compliance with the sanitary laws then in effect, which letter induced the acceptance of the oral offer. That said letter thereby became a material part of the contract of sale and installation, but that said letter and its acceptance did not evidence, nor does it purport to evidence the entire contract of sale and installation of the toilet system. That, in fact, the contract between the parties was for an installed system and guaranteed as a system and not merely as to its integral parts, to-wit: eighteen toilet seats with merely a competent installation man to install the same at appellee's expense. That the warranty had failed in that after a few months' service said system proved to be unsatisfactory and worthless, and the odor therefrom became so offensive that appellee was required to discontinue the use of same and that the system as such and its integral parts were wholly worthless, although said system had been operated and cared for strictly in accordance with the directions given by appellant for its use. That the system had been so defectively installed that the contents of the metallic drums, instead of running through the drain pipes furnished and installed by the appellant, percolated and oozed out under the foundations of said building, causing the floors thereof to crack and burst, and that said system was so built

into said brick houses that said brick houses could not be used for any other purpose and were wholly worthless to appellee as such. That on account of the breach of said warranty by appellant the value of said buildings had been reduced in the sum of $2500.00, to appellee's damage in said sum, which damages were in contemplation of the parties at the time said contract for the sale and installation of said toilet system was made, and at the time the written warranty was executed, and that said special damage in the sum of $2500.00 was directly and proximately caused by the failure of the toilet system in question and the breach by appellant of its written warranty.

"On the trial appellee introduced evidence to the effect that appellant's representative, Hansen, called upon the appellee's agents in person at Hamlin, Texas, for the purpose of selling to appellee a Pease Chemical Toilet System; that said Hansen had notice at the time that appellee then had in use the ordinary dry outside toilets and had no buildings or place to house the proposed toilet system. That Hansen, representing the appellant, offered to sell and install said chemical toilet system, representing that it consisted of commodes, receptacle tanks, septic tanks, ventilators and all pipes and connections that went therewith. That appellee's agents did not have in use any chemical toilet system, had never seen one before, knew nothing about same. That appellant, through its said agent, while on the ground, ascertained the number of students enrolled, the possible population of the district, and therefrom figured the size of the plant, the number of commodes needed and that he with knowledge of the ignorance of the board on such matter, undertook to and did estimate the number of stools needed and the size of the plant and agreed that same be installed and buildings be erected therefor, and to furnish plans and specifications for the buildings and entire system.

"All the above explanation and representations were orally made at the same time by the said Hansen as the representative of the appellant. Said Hansen stated that the system, after it was installed, would be odorless, sanitary and satisfactory in every respect. That the proposition was not then accepted and Hansen was instructed to confirm the proposition in writing before it could be accepted. That appellant, through its said agent, therefore, furnished the following warranty of said system: (Said petition then sets out verbatim the letter heretofore referred to and copied in the opinion of the Court

of Civil Appeals, except that as shown in this record said letter contains the following postscript:)

" 'I want to impress upon you the necessity of ordering these toilets before the end of the week if you expect to get them in before school starts. At this time we can promise installation by September 1st, but at the rate work is piling up on us we will not be able to do this unless we get your order before Saturday.'

"That after the receipt of the above letter appellee accepted the proposition theretofore made by the said Hansen and appellant afterward furnished the plans and specifications for the building, shipped all material necessary for the installation of the system, including eighteen seats, four cylindrical receptacle tanks, two for each building, furnishing the tees, drain pipes to connect same. That appellant furnished also ventilators and after the foundation of the building was laid, appellant's installation man came out in December, 1920, and undertook to install the system, according to the plans and specifications furnished by appellant. That the installation man furnished by appellant put the drums or receptacle tanks in each building, connected them with the septic tanks built under his supervision and the entire system was completed and installed by Van Turner in the latter part of December, 1920, in accordance with the plans and specifications so furnished.

"That the letter written by appellant hereinbefore referred to was written several days after the oral negotiations between said Hansen and appellee's agents at Hamlin. That after the installation of said system the same operated successfully for a period of some four or five months until some time in May, 1921, at which time appellee's agents attempted to drain the receptacles into the septic tanks, but that the contents, instead of running into said tanks, flowed in and under the foundations of the buildings and that the system became so offensive that its use had to be abandoned, and that the foundations of said buildings settled and cracked, and that the buildings were thereafter of no use to appellee, because so connected with said system as to be incapable of use for any other purpose, and that the buildings were worthless to appellee except for the salvage contained therein, which was of the value of $150.00. That appellant furnished the plans and specifications for the erection of the said brick buildings and his representative was on the ground shortly after the foundations for the said buildings were laid and knew the manner in which the buildings were being erected and installed the system therein.

"The acceptance referred to in appellee's evidence consisted of an order for the various parts necessary when properly installed to complete the system. It was admitted that appellee paid for the installing of said system as provided for in the letter referred to.

"The case was submitted to the jury upon special issues, which, with their answers indicated are as follows:

"*Special Issue No. 1:*

"Were the toilets in question odorless, sanitary and satisfactory? Answer 'Yes' or 'No.' *Answer* 'No.'

"*Special Issues No. 2:*

"If you have answered Special Issue No. 1 in the negative or no, then was the failure of the toilets to be odorless or sanitary or satisfactory caused by the failure of the plaintiff to comply with the rules and regulations given by defendant for the operation of said system of toilets? Answer 'Yes' or 'No.' *Answer* 'No.'

"*Special Issue No. 3:*

"If you answer Special Issue No. 1 in the negative or no, then could any unsatisfactory condition of the toilets have been remedied by the use of ordinary diligence on the part of plaintiff? *Answer* 'No.'

"*Special Issue No. 4:*

"What was the difference in the market value at Hamlin, Texas, of the integral parts of the toilet system in question at the time it was installed and the time its use was abandoned by the Hamlin School Board? *Answer* '$1980.00.'

"*Special Issue No. 5:*

"At the time plaintiff and defendant entered into the contract for the toilet system in question, was it contemplated and understood between them that it would be necessary in the installation of said toilet system to erect the two small brick buildings described in the pleadings? *Answer* 'Yes.'

"*Special Issue No. 6:*

"What did it cost plaintiff to construct the two small brick buildings mentioned in the pleadings? *Answer* '$2650.00.'

"*Special Issue No. 7:*

"What was the reasonable market value of the two small brick buildings mentioned in the pleadings at the time plaintiff ceased using the toilets in question? *Answer* '$150.00.'

"It was shown that the contract price for the material sold and furnished by appellant was $1980.00 F. O. B. Hamlin, Texas.

"Upon this verdict judgment was entered against appellant, denying it a recovery on the note executed by appellee and for a recovery for the sum of $873.80, being the amount paid by appellee to plaintiff on the purchase price of the material and equipment, and the further sum of $2500.00 as special damages due for injury to and deterioration in the buildings erected in which to house the said toilet system, which special damages had been pleaded by the plaintiff as being incident to and growing out of the breach of the contract alleged.

"From that judgment the appellant has prosecuted an appeal and vigorously asserts that the appellee's amended pleadings have not in any manner changed the character of its suit but that its cause of action is for a breach of the warranty, not for the sale of said installed system, but for the sale of its integral parts and that the court below has refused to follow the decision of the Court of Civil Appeals on the first appeal.

"Appellee, on the other hand, asserts that the case as made by the pleadings in the instant case have materially changed the cause of action and authorized the introduction of parol evidence, which shows a contract partly oral and partly written, and insists that its proof shows a contract orally for the sale of said installed system, with a written warranty of the system when installed.

"Some of the members of this court are in doubt as to a proper decision of the questions presented, and we, therefore, deem it advisable to certify to Your Honors the following questions:

"*Question No. 1:*

"Did the letter set out in the opinion of the Court of Civil Appeals, together with the postscript as shown in this certificate, constitute, together with the order of appellee for material sold, the entire contract between the parties, and if so, does same provide for the sale by appellant to appellee of an installed system?

"*Question No. 2:*

"Under the amended pleadings, was it permissible for appellee to prove the prior oral statements and representations of appellant's agent, in substance, that appellant would for the price quoted, sell to appellee and install a Pease Chemical Toilet System?"

We answer question one that the letter written by appellant, including the postscript, together with the order for material sold constitutes the contract between the parties and such contract does not provide for the sale by appellant to appellee of an installed system.

To question two we answer that it was not permissible for appellee to prove the prior oral statements and representations of appellant's agent that appellant would, for the price quoted, sell to appellee and install a Pease Chemical Toilet System.

It is well established that a contract may be partly oral and partly in writing. 6 R. C. L., Sec. 56, and authorities there cited. The question whether the parties to this suit made such a contract passes out of the case under the finding of fact contained in the certificate of the Court of Civil Appeals, as it is there recited that Hansen, as the representative of appellant, made a certain oral proposition to appellee for the sale of the toilet system but that such proposition was not then accepted, Hansen being instructed to confirm the proposition in writing before it could be accepted. In passing on certified questions this court is bound by the findings of fact recited in the certificate. A proposition made by one party does not constitute a contract. When appellee declined to accept the oral proposition made by appellant's agent and requested him to confirm the proposition in writing all prior oral negotiations were merged in the written proposition and the written order thereafter made by appellee constituted an acceptance thereof. Appellee was not entitled to offer parol evidence of any representations preceding the written proposition, the effect of which would be to vary or modify the terms of the writing, in the absence of a plea setting up fraud, accident or mistake in the procuring of the written contract.

It appears, however, that the contract is ambiguous as to what constitutes a "toilet," as it is provided that appellant will furnish a certain number of toilets, "complete in every respect." Appellee should be permitted to show by parol testimony that the toilets as specified consisted of pipes, connections, tanks, chemicals, etc., so as to constitute a complete system. St. Louis S. W. Ry. Co. of Tex. v. Bramlette, 35 S. W., 25; Long Mfg. Co. v. Gray, 13 Texas Civ. App., 172, 35 S. W., 32; Moore v. Waco Bldg. Ass'n, 9 Texas Civ. App., 404, 28 S. W., 1033; Cohn v. Sherman Refining Co., 39 Texas Civ. App., 296, 87 S. W., 1170.

To permit parol proof to the effect that appellant agreed to sell an installed system for a certain price contradicts the express terms of the written contract. The agreement was to furnish the number of toilets specified at the price named, F. O. B. Hamlin. It was further agreed that appellant would "furnish an installation man, thoroughly competent to install same, at $6.00 per day and his expenses." Selling a toilet system completely installed at a certain

price and selling one with the provision that the seller would furnish a competent man to install it upon the buyer paying for the installation at $6.00 per day and the expenses, are two different contracts.

It is insisted that the postscript to the company's letter shows that it was intended that the system was to be sold as an installed system. The postscript is as follows:

"I want to impress upon you the necessity of ordering these toilets before the end of the week if you expect to get them in before school starts.

"At this time we can promise installation by Sept. 1st, but at the rate work is piling up on us we will not be able to do this unless we get your order before Saturday."

If the contract contained no other reference to installing the system, then appellee's insistence would be well taken. The contract, however, must be construed as a whole. Hearne v. Gillett, 62 Texas, 23; Knapp v. Patterson, 99 Texas, 400, 90 S. W., 163; Perry & Co. v. Langbehn, 113 Texas, 72, 252 S. W., 472. When so construed it becomes apparent that appellant did not obligate itself to do more than furnish a competent man, at appellee's expense, to install the system. The effect of the postscript, when considered in connection with what precedes it, is to inform appellee that unless it received an order before the end of the week it could not furnish an installation man to get the system installed by Sept. 1st, on account of its men being busily engaged in other installation work.

We do not mean to hold that because appellant did not obligate itself to sell this system installed that it cannot be held liable if the warranty made by it in the written contract has been breached. The warranty plainly refers to the operation of the system when installed, and this regardless of whose duty it was to install it under the contract. If, therefore, the system when installed did not operate satisfactorily or was not odorless, as it was warranted to be, and such results were not attributable to any fault of the school district, it would be entitled to appropriate relief.

We recommend that the questions certified be answered as herein indicated.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.