## BUTLER et al. v. SOUTHWEST DAIRY PRODUCTS CO. et al.
### No. 11084.

Court of Civil Appeals of Texas. Galveston
Jan. 9, 1941.

Rehearing Denied Jan. 30, 1941.

F. F. Beadle and Ewing Werlein, both of Houston, for appellants.

Albert J. DeLange, F. A. Stamper, R. P. Beman, Jr., and Emory T. Carl, all of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the district court of Harris County sustaining a general demurrer and certain special demurrers and exceptions urged by the appellee, Southwest Dairy Products Company et al., against the action of J. W. Butler et al., appellants.

The action involves the interpretation of a paragraph included in the building restrictions of Eastwood Addition to the City of Houston which provides a method for the extension of said restrictions beyond their primary effective term.

At the time of the platting of Eastwood Addition in the year 1913, all of the lots therein were subject, by a general instrument filed for record by the subdivider, to residential building restrictions which, among other provisions, prohibited the improvement or use of any lot therein for other than residential purposes. The instrument provided that said restrictions should remain effective for a period of 25 years after the date of its execution, that is, until January 31, 1938. It included the following provision for the extension of such restrictions for further periods: "4. Said period of 25 years during which the above restrictions shall be in force may be extended as to any or all of said restrictions for an additional period not exceeding 25 years, provided the owners of a majority of the lots in Eastwood who are actual bona fide residents thereof shall, prior to January 1, 1935, execute and acknowledge an agreement making an extension of said period of 25 years and file the same of record in the office of Harris County, Texas, where conveyances of real estate may be required by law to be filed, and said latter agreement may provide for a time not exceeding 25 years thereafter by which an agreement signed by said majority may be filed extending for another period not exceeding 25 years after the filing thereof and so may

each agreement filed thus provide and be binding upon the owners of all the lots in Eastwood in accordance with the terms thereof."

The above provision for the extension of said restrictions was embodied in the deed under which the appellees acquired title to the particular lot upon which said restrictions as to residential use are alleged to have been violated by appellees.

This action was originally brought in April, 1936, before the expiration of the primary period of said restrictions. Appellants alleged that they were the owners of lots in and residents of said Eastwood Addition. They complain of the violation of said restrictions by appellees in the construction of a building upon Lot No. 1 in Block No. 38 of said Addition, and the operation therein of a retail ice cream, cold drink and confectionery business.

After the expiration of the primary term of said restrictions, appellants, by amended pleadings, alleged that various persons, whose names were set forth in the pleadings and who were the owners of lots in said Addition, had, within the time provided in the above quoted paragraph thereof, executed and caused to be recorded an instrument extending said restrictions for a further period of 25 years. By their pleadings appellants admitted that, while the persons who had signed the alleged extension agreement constituted more than a majority of the resident lot owners in Eastwood Addition and that they were the owners of more than a majority of the lots in the Addition which were owned by bona fide residents thereof, they did not constitute and include, when taken together, the owners of as much as one-half of the owners of lots therein. They sought an injunction restraining the alleged continued violations of said restrictions.

Appellees, by general and special demurrers and exceptions, raised the question as to whether the extension agreement relied upon by appellants was signed by a sufficient number of persons or by the owners of a sufficient number of lots in said Addition to be effective as an extension of said original restrictions.

The trial court, in sustaining said demurrers and exceptions, held, in effect, that appellants' petition showed on its face that said restrictions had expired and that said pleading did not show an effective extension thereof. Appellants base their appeal on the action of the trial court in sustaining said demurrers and exceptions and in dismissing their cause of action after they had declined to amend.

The only question presented in this appeal is whether paragraph No. 4 of said restrictions, taken as a whole, is so plain and unambiguous as to be susceptible to only one construction, namely, that any effective extension of said restrictions must have been signed by the owners of a majority of all of the lots in said addition, counting as qualified signers thereof only persons who were bona fide residents of the addition, or whether said paragraph is also susceptible to the construction that an effective extension of said restrictions could have been made under the terms thereof by an agreement signed by the owners of a majority of those lots which were owned by residents of Eastwood Addition, in which event appellants should have been permitted to introduce extrinsic evidence to aid in its interpretation.

It is an important rule of construction in this state that when an instrument in writing is plain and unambiguous parol evidence is not admissible to show the intention of the parties thereto, for the reason that the intention of the parties must be determined by the court as a matter of law from the terms of the instrument. Further, the question as to whether there is an ambiguity in the instrument which would authorize the introduction of parol testimony is a question of law for determination by the court and not by the jury. Graham's Estate et al. v. Stewart et al., Tex. Civ.App., 15 S.W.2d 72. However, it has been uniformly held that if an instrument is not clearly unambiguous, the rule should not be permitted to defeat an intention and understanding which can be clearly proved by parol.

It is aptly stated by the court in the case of Curry v. Texas Company, Tex.Civ.App., 8 S.W.2d 206, 212, that: "Putting one of two possible constructions on a term in a contract, without permitting the parties to show which was actually in their minds, is taking the chance of enforcing a contract entirely different from that on which their minds met. No harm can be done in discovering and enforcing the real agreement, if such can be done, without doing violence to some principle of transcending importance. The parol evidence rule, like other rules of practice, is designed to effectuate justice, but it is not inflexible, and so many instances have arisen where its strict ap-

plication would be arbitrary and oppressive that the reports contain a great body of exceptional law."

■ The law is well established in this state that where a writing is ambiguous, extrinsic evidence will be received to explain its meaning. Richardson v. Wilson, Tex. Com.App., 213 S.W. 613; Adams v. Maris, Tex.Com.App., 213 S.W. 622; Bryant Co. v. Hamlin Independent School District, 118 Tex. 255, 14 S.W.2d 53.

■ It is the established rule in this state that, in interpreting the terms of a written instrument, the courts will not only look through the entire instrument but will transpose words or sentences if thereby they can effectuate the intent of the parties thereto without defeating the purpose of the instrument. Darragh v. Barmore, Tex.Com. App., 242 S.W. 714; Commercial Securities Co. v. Rea, Tex.Civ.App., 78 S.W.2d 707; 18 Corpus Juris, p. 260, § 214.

■ It is also the rule that the intention of the parties to a written instrument must be gathered from the entire instrument and not from some isolated clause or paragraph thereof, and that therefore the entire instrument must be construed as a whole in order to arrive at their intention. Bumpass et al. v. Bond, 131 Tex. 266, 114 S.W.2d 1172.

■ In the instant case, while the isolated clause of paragraph 4 of said restrictions which reads: "Provided the owners of a majority of the lots in Eastwood who are actual bona fide residents thereof shall * * * execute and acknowledge * * *," when taken alone, might be interpreted as a requirement that, to be effective, an extension agreement must have been executed by persons, all actual bona fide residents of Eastwood Addition, who were, at the same time, owners of a majority of the lots in the addition. However, when taken in connection with the concluding part of said paragraph, in which, in providing for further extension of such restrictions, this language is used: "Said latter agreement may provide for a time not exceeding 25 years thereafter by which an agreement signed by *said majority* (emphasis ours) may be filed", said phrase may, very easily, be construed as meaning that a majority of the resident lot owners of Eastwood Addition could, under the terms of said paragraph, extend said building restrictions, since the only previous use of the word "majority" in the entire paragraph is the use thereof in the disputed phrase, above quoted. The next use of the word in the expression "said majority" obviously refers to a majority of owners and not to a majority of lots, in that it provides for "an agreement signed by said majority."

Under the above facts we think that there is room for reasonable doubt as to the intention of the parties who drafted said restrictions in providing a method for their extension and that appellants should be permitted to show said intention by parol evidence.

■ Appellants assign error in the action of the trial court in sustaining appellees' special exception No. 14, for the alleged reason that the court, by his action held, as a matter of law, that the extension provisions of said building restrictions were void as a violation of the rule against perpetuities and as against public policy. This contention must be sustained.

It is stated in 18 Corpus Juris, 386, that: "A restriction may be valid, although unlimited in point of time." And in 18 Corpus Juris, 401, it is said that: "A building restriction, unless perpetual terminates with the expiration of the time limited for its duration."

In the case of Strong v. Shatto, 45 Cal. App. 29, 187 P. 159, it was held that a condition in a deed restricting the use of the land and providing for forfeiture and a reverter to the grantor and his heirs in case of a breach was not void as creating a contingent estate which might vest beyond the limitation of the rule against perpetuities either under the common law or the California Civil Code.

It was held in the case of Abernathy v. Adoue et al., Tex.Civ.App., 49 S.W.2d 476, that there was no merit to a contention made therein that the failure to insert a time limit in restrictions made them void as against public policy.

■ In the instant case, all right and title to the lots in said addition vested in the purchasers thereof, and the restrictions in question, as covenants running with the land, necessarily passed by conveyance of the title to the property and vested in the purchasers of the property as the title thereto vested.

For the reasons indicated, the judgment of the trial court sustaining demurrers and exceptions to appellants' trial petition and dismissing the suit is reversed and the cause is remanded for further proceedings in accordance with above conclusions.

Reversed and remanded.