**GODWIN v. ROBERTS.**

No. 12005.

Court of Civil Appeals of Texas. Galveston.

July 22, 1948.

Rehearing Denied Sept. 30, 1948.

Godard & Dazey and William B. Dazey, all of Texas City, for appellant.

Stone, Phipps & Dibrell, of Galveston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, J. W. Godwin, for the recovery from appellee, P. C. Roberts, of a balance alleged to be due him under a contract for the construction of a residence.

He alleged that he had entered into a contract with appellee under the terms of which he, as contractor, obligated himself to furnish all labor and material needed for the construction of a house according to plans and specifications attached to the agreement. He alleged that he had performed each and every phase of the contract, and sought recovery for the balance alleged to be due under the contract. He alleged, in the alternative and by trial amendment, that the contract had been modified and altered to provide for certain substitutions and alterations which had

been made with the consent and with appellee's full knowledge.

At the conclusion of appellant's testimony, the trial court granted appellee's motion for an instructed verdict on the grounds that appellant had neither fully nor substantially complied with the terms of his contract, and on the return of such verdict, judgment was rendered in favor of appellee.

Appellant presents two points of error for a reversal of the judgment rendered. He contends that the trial court erred in finding as a matter of law that the specifications for the construction of said building called for one-inch sheathing to be applied directly to all exterior walls, for the alleged reason that such specifications as amended clearly evidenced an intention to omit the original sheathing and to substitute therefor "105 siding." He further contends that the court erred in finding as a matter of law that the plans and specifications called for one-inch sheathing to be applied diagonally to all exterior walls, for the alleged reason that the specifications were ambiguous and subject to more than one construction, and that the question as to whether said specifications had been changed so as to provide that "105 siding" be substituted for sheathing should have been submitted to the jury for its determination.

The specifications for the construction of such building, which were attached to the contract, consist of typewritten matter upon which certain delineations and interlineations have been made. On the second page of the specifications the notation "105 siding" has been written in the upper right margin of the page and a line has been drawn from the notation through the word "sheathing" in the specifications. A circle is drawn around the third paragraph of the second page of the specifications. This paragraph includes that portion of the specifications which relate to "siding" and reads "Siding: Outside wall framing next to masonry of chimneys and flews shall have proper clearance required for fire protection, but storm sheathing and siding shall extend across such space and abut neatly against masonry," and the word "out" is placed adjacent thereto.

Appellant J. W. Godwin testified, in effect, that the above notations on the specifications were made by appellee or by him at appellee's suggestion, at the time the contract was executed for the purpose of reducing the cost of the building. He testified that there was a discussion between himself and appellee about the "sheathing" to be used in the building, and that the reason why the circle was drawn around the paragraph relating to "Siding" and the word "out" was written opposite it to indicate that sheathing was to be eliminated and that 105 siding and felt was to be substituted therefor. Appellant testified that appellee was present and had agreed to these substitutions.

At the request of appellant the court made and caused to be filed findings of fact and conclusions of law in which he found as a fact that the plans and specifications called for one-inch sheathing to be applied diagonally to all exterior walls of the building, and that the sheathing was not applied. He found that to finish the outside sheathing of the building, the siding would have to be removed and sheathing applied and the siding replaced; and that this omission was not the result of an agreement subsequently made.

The controlling question presented on the appeal is whether the specifications under consideration with the interlineations and delineations written thereon, taken as a whole, are so plain and unambiguous as to be susceptible of only the one construction placed thereon by the trial court, namely, that the provision requiring the use of sheathing had not been eliminated by the parties and 105 siding without sheathing substituted therefor, or whether, under appellant's testimony as to changes made in said specifications, they were ambiguous and subject to the constructions placed thereon by appellant.

█ It is the established law in this State that, in determining whether or not a peremptory instruction should have been given, as was done in this case, an appellate court will view all testimony adduced on the trial in the light most favorable to the losing party. Roswurm v. Sinclair Prairie Oil Co., Tex.Civ.App., 181 S.W.2d 736, error

refused; City of Houston v. Chapman, 132 Tex. 443, 123 S.W.2d 652. All conflicts in the testimony will be disregarded by the reviewing court, and only that testimony which is favorable to the losing party will be considered, and every intendment reasonably deducible therefrom will be indulged by the reviewing court in favor of the party against whom the instructed verdict was had. Anglin v. Cisco Mortgage Loan Co., 135 Tex. 188, 141 S.W.2d 935.

▪ It is also the settled law in this state that in moving for an instructed verdict, a defendant is deemed to have admitted every material fact that the evidence introduced by the plaintiff has tended to establish. Barrington v. City of Sherman et al., Tex.Civ.App., 155 S.W.2d 1008; Blake v. Pure Oil Co., 128 Tex. 536, 100 S.W.2d 1009.

▪ In the case of White et al. v. White et al., 141 Tex. 328, 172 S.W.2d 295, the Supreme Court of this State held that in determining whether it is proper to instruct a verdict in favor of a defendant, an appellate court must view the evidence in the light most favorable to the losing parties, and must indulge every inference that may properly be drawn from the evidence against the instruction, and if the record reflects any testimony of probative force in favor of the losing parties, the reviewing court must hold the instruction improper. The Supreme Court held that a peremptory instruction is warranted only when the evidence is such that no other verdict can be rendered and the winning party is entitled as a matter of law to a judgment.

▪ It is an important rule of construction in this state that, when an instrument in writing is plain and unambiguous, parol evidence is not admissible to show the intention of the parties thereto for the reason that the intention of the parties must be determined by the court as a matter of law from the terms of the instrument. The question as to whether there is an ambiguity in the instrument which would authorize the introduction of parol evidence is a question for the determination by the court and not by the jury. Graham's Estate et al. v. Stewart et al., Tex.Civ.App., 15 S.W.2d 72. However, it has been uni-formly held that if an instrument is not clearly unambiguous the rule should not be permitted to defeat an understanding which can be clearly proved by parol.

▪ The law is well established in this state that where a writing is ambiguous, extrinsic evidence will be received to explain its meaning. Richardson v. Wilson, Tex.Com.App., 213 S.W. 613; Adams v. Maris, Tex.Com.App., 213 S.W. 622; Bryant Co. v. Hamlin School District, 118 Tex. 255, 14 S.W.2d 53.

Analyzing the construction under consideration in connection with the testimony of appellant that changes were made to reduce the cost of the building, it is apparent, we think, that the original printed specifications were so altered by interlineation and deletion as to indicate that the contract as originally written was altered by the parties, and the fact that the notation "105 siding," which was inserted at two places on Page 2 of the specifications, one of which was placed in the right margin opposite the paragraph dealing with sheathing, must have an important significance in the wording of the contract. It is, we think, obvious that by the addition of the term "105 siding" adjacent to the specification on sheathing, that the parties to the contract intended to make some change in the original wording of the contract. Appellant testified that appellee was around the job every morning and was familiar with the fact that sheathing was being omitted and 105 siding substituted therefor.

Further, C. D. Miles, a disinterested witness, present at the time of the execution of the contract, testified that Mr. Godwin, the appellant, and Mrs. Roberts were discussing brick and stone sheathing on the house, and that he heard both of them say that they would change from the siding and storm sheathing to 105 siding on the house.

▪ Applying the principles of law above referred to, and considering the testimony of appellant, notations on the margin of the specifications and other testimony which we have summarized, we think that reasonable minds could conclude that the specifications of the contract were al-

tered as contended for by appellant, and that this question should have been left for the jury's determination. It follows that the judgment of the trial court must be reversed and the cause remanded for a new trial.