**LOGAN v. BUSH et al.**

No. 12091.

Court of Civil Appeals of Texas. Galveston.
May 12, 1949.

Rehearing Denied May 26, 1949.

Jack Binion & Malcolm R. Wilkey, Houston (Butler, Binon, Rice & Cook, Houston, of counsel), for appellant.

Werlein & Werlein, Ewing Werlein, all of Houston, for appellees.

GRAVES, Justice.

This general statement, thought to be correct, has been compiled from the respective briefs of the parties on this appeal:

This is another Houston restriction-violation case. It involves the restrictions of the Eastwood Addition to the City of Houston, which restrictions have been considered by this Court once before, in the case of Butler v. Southwest Dairy Products Company, 146 S.W.2d 1036.

The present action was brought by the appellees, M. L. Bush, and others, property-owners in Eastwood Addition, to enjoin Dr. James H. Logan, appellant, from using his premises (Lot (1) in Block (38) of Eastwood Addition to Houston) for other than residential purposes.

It was undisputed that the original restrictions applicable to Eastwood Addition, recorded in 1913, to run initially for 25 years, contained prohibitions against using any lot for other than residential purposes, or for the sale of liquor thereon, as follows:

"(1) None of the lots shall be improved, used or occupied at any time during the period of 25 years from the date hereof for other than residence purposes. * * *

"(3) No vinous, spiritous or malt liquors shall, at any time, during the aforesaid period, be sold or offered for sale on any of said lots."

Appellant Logan contended, not that the restrictions had never applied to his premises, but that the original restrictions had expired by their own terms, which limited them to 25 years, and they had not been

validly extended, in accordance with the provisions of the restrictions themselves, as set forth in Paragraph 6 of the original deed to appellant's property, and in Paragraph 4 of the Dedication, which, in haec verba, was this:

"Said period of 25 years during which the aforesaid restrictions shall be in force may be extended as to any or all of said restrictions for an additional period not exceeding 25 years, provided the owners of a majority of the lots in Eastwood, who are actual bona fide residents thereof shall, prior to January 1, 1935, execute and acknowledge an agreement making an extension of said period of 25 years and file the same of record in the office in Harris County, Texas, where conveyances of real estate may be required by law to be filed, and said latter agreement may provide for a time not exceeding 25 years thereafter by which an agreement signed by said majority may be filed extending the time for another period not exceeding 25 years after the filing thereof, and so may each agreement filed thus provide and be binding on the owners of all the lots in Eastwood in accordance with the terms hereof."

The appellees interpreted this clause to mean the signatures of a majority of resident owners would suffice.

The appellant interpreted the clause to mean the signatures of the owners of a majority of the lots in Eastwood were necessary.

The trial court, sitting without a jury, and after a full hearing of evidence on the merits, rendered a judgment for permanent injunction in favor of the appellees against the appellant, enjoining him from using or occupying his described lot "for other than residence purposes, at any time from this date down to July 2, 1959, and from selling or offering for sale on said lot or any part thereof, any vinous, spiritous, or malt liquors from this date down to July 2, 1959, without prejudice to any right the majority of the bona fide resident lot owners in said Addition may have to extend such restrictions beyond July 2, 1959."

In inveighing here against that judgment, the appellant presents these points-of-error:

"First: The court erred in holding the restrictions had been validly extended, because the method of perpetuating and extending these restrictions is completely unreasonable and contrary to constitutional provisions and public policy against the creation of perpetuities and monopolies;

"Second: The court erred in interpreting the restrictions to mean that the restrictions could be extended by a majority of the resident owners, irrespective of the number constituting that majority, instead of by 'the owners of a majority of the lots in Eastwood.'

"Third: The court erred in finding that the extension agreement was signed by a majority of the resident lot owners, inasmuch as the only testimony offered was clearly hearsay and was totally inadmissible to establish the facts alleged."

None of these contentions, it is determined, should be sustained.

This, for the primary reason that the controlling question the appeal presents, as is readily apparent, is whether or not the trial court erred in its stated construction of Paragraph 4 of the quoted restrictions; that is—as indicated—whether the dedicatory Paragraph 4 of the restrictions meant —as used by the founders of the Eastwood Addition—that the restrictions they then impressed upon the property, to run in successive periods of 25 years each, could be extended by a majority of the resident owners of lots therein, or instead, by a majority of the owners of all the lots therein.

Such being, at base, the determinative question-of-law presented by the present appeal, the cause becomes here, in effect, a recrudescence of the former appeal in the Butler v. Dairy Products case, referred to supra; indeed, as the appellees' brief herein recites—without controversion by the appellant—this case involved "the identical restrictions and lot".

On such former appeal this Court held, in boiled-down substance: (1) An ambiguity existed as to whether the extension agreement was to be signed by bona fide residents owning a majority of lots, or by a majority of resident lot owners, and hence parol evidence was admissible to determine

the intention of the parties to the agreement, in an action to enjoin violations of such restrictions during additional 25-year period; (2) The provision imposing residential building restrictions for extension of the original 25-year term for two additional terms of 25 years each, was not as a matter of law void as a violation of the "rule against perpetuities", and as against "public policy".

The Supreme Court dismissed the application for writ-of-error in that cause, under the notation "Judgment Correct".

In the present case, the trial court evidently tracked the holdings so made in the Butler appeal, and not only received parol evidence to determine what had been the intention of the parties to the original agreement in laying out the Addition, but also as to what had been the developments under it with reference to the settling-up of the property, the sales of the lots, and the uses to which they had in the meantime been put.

Moreover, in substantiation of its judgment herein, it set out full findings-of-facts, the overall substance of which was substantially this:

That the dedications of Eastwood Addition imposed on all of the lots therein the quoted restrictions, as a general plan for developing the Addition as a residential one for the benefit not only of the dedicators, but the lot owners thereof, including the appellees; that none of the lots in the Addition have been released from the restrictions, and that the appellees, and those for whom they have filed this suit, have not waived such restrictions by permitting or acquiescing in any substantial violation thereof, and that such parties have been diligent in enforcing the restrictions and in preventing the use of any of the property in the Eastwood Addition, for other than residence purposes;

That appellant, James H. Logan, had notice of such restrictions before acquiring the lot in question, and accepted the same subject thereto, and that it is necessary for the protection of appellees and their property to enjoin the appellant from using his lot for other than residence purposes, and to enjoin the sale or offering for sale on his premises of any vinous, spiritous, or malt liquors, in that there is no method by which appellees' damages could be accurately computed;

That there were no changes in conditions existing at the side of these premises, or in the neighborhood thereof, nor any change in the character of such neighborhood, and that such restrictions are not unreasonable or against public policy.

This Court is unable to hold with appellant's contentions, either that such testimony was hearsay and inadmissible, or insufficient to sustain the findings so made by the court.

In other words, without extending the discussion to an undue length, it is unconvinced of error in its former holding in the cited Butler case—that such an ambiguity existed in the restrictive clause now in question here again—as rendered parol evidence admissible to determine what had been the intention of the original parties to the covenant; nor can it say that the trial court's finding that the evidence it received on that issue on this trial established that the parties intended that a majority of the resident owners of the Addition could and actually had extended the restrictions for a second period of 25 years was not fully sustained by the evidence.

Those findings, like those of a jury, on sufficient evidence, are binding upon this Court. Texas Digest Appeal and Error, ☞ 1010 (1); Dixie Distributors v. Lane, Tex.Civ.App., 211 S.W.2d 581, ref. n. r. e.; Gregory v. Laird, Tex.Civ.App., 212 S.W.2d 193; McCasland v. Henwood, Tex. Civ.App., 213 S.W.2d 555, ref. n. r. e.; Kennedy v. General Geophysical Co., Tex. Civ.App., 213 S.W.2d 707, ref. n. r. e.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.