John A. HUMPHREYS et al., Appellants,

v.

Dewey J. HARAGAN, Appellee.

No. 8189.

Court of Civil Appeals of Texas, Amarillo.

Feb. 7, 1972.

Rehearing Denied March 6, 1972.

Gowdy & Hall, James A. Gowdy, Littlefield, for appellants.

Gibbins & Spivey, Bob Gibbins, Austin, for appellee.

JOY, Justice.

This is an appeal from an instructed verdict in favor of appellee Dewey J. Haragan and against appellants John A. Humphreys, et al.

Reversed and remanded.

Plaintiffs (appellants) John A. and Sandra Humphreys filed suit for themselves individually and as next friend for their minor children, James M. Humphreys (age 9), Gregory A. Humphreys (age 6), and Gary K. Humphreys (age 4), for damages due to injuries sustained by James Humphreys and Gregory Humphreys and for the death of Gary K. Humphreys. Plaintiffs alleged various acts of negligence on the part of defendant (appellee), the grandfather of the children injured, arising out of a fire on the defendant's premises, and that such acts of negligence created an attractive nuisance. Plaintiffs in the trial below contended primarily that the defendant was negligent in leaving a can of gasoline accessible to small children and that as a result of said negligence the plaintiffs' children came into possession of the gasoline can and attempted to ignite a stove located in a small building on defendant's premises. In the process they were severely burned, resulting in death to one of the children.

The facts of the case are essentially undisputed. The plaintiffs and the defendant reside on a farm in Lamb County. Plaintiffs farm the defendant's land on a third and fourth's basis and have free use of all the premises. Plaintiffs' and defendant's homes are located closely adjacent to each other, with a small shed being located behind the defendant's home. On the morning of January 24, 1970, plaintiffs' three children were playing in the shed behind defendant's home and in the course of their play attempted to start a fire in a small stove located in the shed, and the ensuing fire resulted. It was stipulated that a gasoline can found at the scene of the fire belonged to the defendant. The plaintiff, Sandra Humphreys, testified that when she arrived at the scene of the fire there were puddles of gasoline burning, the top of defendant's gasoline can was separated from the tank portion and there was fire around the gasoline can. She also stated that the boy's clothing and a rug located in the room were saturated with gasoline. Sandra Humphreys also testified the defendant told her the last time he remembered using his gasoline can prior to the fire was one evening approximately a month earlier when his automobile ran out of gasoline.

The defendant testified that he did in fact use the can to put gasoline in his automobile and then put the can in the back of his pickup. He testified that he did not remember what he did with the can after that time. He testified that the children had approval to play anywhere on his premises except in those places which were locked. There is no evidence that anyone had seen or used the defendant's gasoline can since the time he used it to

put gasoline in his automobile. There is no evidence that the gasoline came from any other source. Although there is no direct evidence that the gasoline involved in the fire came from the defendant's gasoline can, there is circumstantial evidence upon which a jury could reasonably infer that such was the case.

Plaintiffs assign seven points of error, the effect of which is that the trial court committed reversible error in rendering an instructed verdict because there was sufficient evidence to raise fact issues to go to the jury.

The settled rule in Texas in reference to a motion for instructed verdict is that the trial court, without passing upon the credibility of witnesses, accepts as true all evidence which, when liberally construed in favor of the adverse party, tends to support such adverse party's contention, indulges every reasonable inference which can properly be drawn in favor of such opponent's position from the evidence, disregarding all contradictory evidence favorable to the movant. If, so viewed, the evidence amounts to more than a mere suspicion or speculation that the fact propositions asserted by the opponent might be true or false, an issue is at least raised. See McDonald Vol. 3, Sec. 11.28.2, pp. 235–6. When reasonable men may differ as to the truth of controlling facts, a jury issue is presented. Likewise the test to be applied by an appellate court is that such court should view all testimony adduced on the trial in the light most favorable to the losing party, disregarding all conflicts in testimony, and indulging in every reasonable deduction in favor of the party against whom the instructed verdict was granted. Godwin v. Roberts, 213 S.W. 2d 571 (Tex.Civ.App.—Galveston 1948, writ ref'd n. r. e.). An ultimate fact may be conclusively shown by wholly circumstantial evidence, Prudential Insurance Company of America v. Krayer, 366 S.W. 2d 779 (Tex.Sup.1963). We sustain plaintiffs' first seven points of error, as there is sufficient evidence, both direct and circumstantial, to create a question of fact to go to the jury in this case under the test as stated in Banker v. McLaughlin, 146 Tex. 434, 208 S.W.2d 843 (1948), and Eaton v. R. B. George Investments, Inc., 152 Tex. 523, 260 S.W.2d 587 (1953), where it was held:

> "A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if
>
> "(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and
>
> "(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and
>
> "(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and
>
> "(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein."
>
> \*    \*    \*    \*    \*    \*
>
> "The effect of these late cases is to abolish as to young children the distinction between trespassers, licensees and and invitees when the four conditions have been satisfied and to impose on the landowner under such circumstances a duty of ordinary care to protect them from injury. . . . "

It being immaterial whether the children were trespassers, licensees or invitees under the Banker and Eaton cases, we deem it unnecessary to rule upon plaintiffs' other points of error dealing with this matter.

We, therefore, reverse the judgment of the trial court and remand the cause for a new trial.

Reversed and remanded.