**EMBREE, INC., Appellant,**

v.

**SOUTHWESTERN BELL MEDIA, INC., Appellee.**

No. 05-88-00751-CV.

Court of Appeals of Texas, Dallas.

May 8, 1989.

Rehearing Denied June 16, 1989.

————

Hugh O. Mussina, Dallas, for appellant.

Susan A. Minton, Dallas, for appellee.

Before ENOCH, C.J., and
WHITHAM and BURNETT, JJ.

ENOCH, Chief Justice.

This is an appeal from a judgment granted to Southwestern Bell Media, Inc. (Bell) against Embree, Inc. (Embree) for damages resulting from an alleged breach of contract for advertising service provided by Bell. In fourteen points of error, Embree essentially claims that the trial court erred in entering judgment for Bell because Embree canceled the order upon which the judgment was based before Bell accepted the contract and because of a lack of mutuality and/or consideration. Embree further asserts that the trial court erred in failing to respond to Embree's motion for findings of fact and supplemental motion for findings of fact as to certain facts. For the reasons stated, the trial court's judgment is reversed, and judgment is rendered in favor of Embree.

On May 16, 1985, Embree executed an "Agreement for Directory Advertising" to place an advertisement in Bell's Yellow Pages. The agreement provided in pertinent part:

## TERMS AND CONDITIONS

1. Enforceability; ...
This agreement shall become enforceable when signed by the Advertiser and accepted by the Publisher. The Advertising specified on the face of this agreement shall be considered to have been accepted by the Publisher on the scheduled customer close date....
2. Cancellation ...
... Cancellation may be made if either party sends notice in writing not less than five (5) days before the scheduled customer close date of the directory issue....

\*     \*     \*     \*     \*     \*

On the face of the agreement, Embree's customer close date was given as May 13, 1985.

On July 22, 1985, Embree attempted to cancel the agreement by giving written notice to Bell. Bell did not respond to the written notice of the cancellation until September 1986. The Yellow Page Directory, with Embree's advertisement, was printed in September 1985 and was published in October 1985. Bell made demand for payment which Embree refused to pay. Bell brought suit, and after trial to the judge, judgment was granted to Bell.

An elementary rule of contract law is that no contract can result from an offer until it is accepted by the other party. *C.A. Bryant Co. v. Hamlen I.S.D.*, 118 Tex. 255, 14 S.W.2d 53, 56 (1929). Ordinarily, until an offer is accepted, it can be withdrawn. *Sunshine v. Manos*, 496 S.W.2d 195, 198 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.). The primary matter that is in dispute pertains to whether Bell accepted Embree's offer to buy advertisement in the Bell Yellow Pages before Embree cancelled its offer.

In point of error thirteen, Embree argues that the finding of the trial court that Embree had not cancelled prior to Bell's acceptance is not supported by any evidence. When reviewing a "no evidence" challenge, an appellate court must only consider the evidence and reasonable inferences drawn therefrom, which, when viewed in their most favorable light, support the jury verdict or court finding. This Court must disregard all evidence and inferences to the contrary of the fact finding. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987); *Alm v. Aluminum Co. of America*, 717 S.W.2d 588, 593 (Tex.1986).

The facts demonstrate that at the time of the execution of the contract, the customer close date had already occurred. Bell contends that Embree and Bell had agreed to the advertising arrangement prior to the close date, but that the delay in signing the contract was because of changes in the advertisement demanded by Embree. Bell argues, therefore, that the contract should be considered as having been instantaneously accepted by Bell.

The flaw in Bell's argument is that the agreement provides on its face that, to be effective, it must be signed by Embree: "[t]his agreement shall be enforceable *when signed* by the Advertiser and accept-

ed by the Publisher...." (Emphasis added.) Embree, by signing the agreement, made an offer to Bell to buy advertisement in the Bell Yellow Pages. *See International Filter Co. v. Conroe Gin, Ice & Light Co.*, 269 S.W. 210, 214 (Tex.Civ.App. —Beaumont), *rev'd on other grounds*, 277 S.W. 631 (Tex.Comm'n App.1925). An offer cannot be accepted before it is made. *See Edmunds v. Houston Lighting & Power Co.*, 472 S.W.2d 797, 798–99 (Tex.Civ. App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.) Therefore, Bell could not have accepted Embree's offer by relying on the already passed customer close date provided in the agreement.

However, Bell still retained the right of acceptance of the offer after Embree signed the agreement. Since no applicable provision for a manner of acceptance remained in the agreement, Bell could have accepted by notifying Embree of its acceptance in writing; by completing substantial performance as contemplated by the agreement; or by any other clear and unmistakable expression of intent to accept. *United Concrete Pipe Corp. v. Spin–Line Co.*, 430 S.W.2d 360, 364 (Tex.1968) *Fujimoto v. Rio Grande Pickle Co.*, 414 F.2d 648, 652 (5th Cir.1969) (applying Texas law).

It is undisputed in the record that Bell never gave oral or written notice of acceptance or any other clear expression of intent to accept to Embree. To the contrary, the record showed that the Bell salesman who obtained Embree's agent's signature on the agreement did not have the authority to accept the agreement on behalf of Bell. The record also showed that there was no other communication from Bell to Embree until after the Yellow Pages were published. Therefore, the only way for Bell to have accepted Embree's offer to buy advertising would have been through completing substantial performance of the agreement prior to Embree's notice of cancellation.

As to substantial performance, the evidence presented at trial revealed that the Yellow Pages Directory was not printed until September 1985. Although there was testimony that some preliminary work was performed after Embree made the offer, there is no evidence that this work occurred before the notice of cancellation in July 1985. The evidence is completely devoid of matters tending to demonstrate when substantial performance occurred other than by the printing in September 1985.

Bell received Embree's notice of cancellation in July 1985. There is no evidence of acceptance by Bell prior to that date. Consequently, we hold as a matter of law that Embree cancelled its offer to buy advertisement before Bell accepted the offer. The trial court erred in finding that Embree had not cancelled prior to Bell's acceptance. Since the offer was withdrawn before acceptance, no contract between Embree and Bell was ever formed. Since no contract was formed, it was error to render judgement on the contract. We sustain point of error thirteen. Because of our disposition under this point of error, we need not consider the remaining points of error.

The trial court's judgment is REVERSED and judgment is RENDERED in favor of Embree, Inc.