## CHAPMAN v. ELLIS.   (No. 7637.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 4, 1926. Rehearing Denied Jan. 5, 1927.)

1. Appeal and error ☞930(1)—Appellate court will consider evidence in light most favorable to verdict.

Court of Civil Appeals will consider case in light of evidence most favorable to successful party, in deference to jury's finding.

2. Brokers ☞65(4)—Agent acting openly for both parties to sale of note held entitled to recover commission.

Where both parties to sale of note knew that agent negotiating sale was agent of both, expecting commission from seller, rule that agent representing adverse interested parties, without disclosing dual representation, cannot recover commission, is inapplicable.

3. Appeal and error ☞930(3)—Unsubmitted question whether defendant's agent could bind him in contract sued on will be resolved in support of judgment.

Question whether defendant's agent had authority to bind him in contract sued on will be resolved in support of judgment against him, in absence of its submission to jury or request for its submission.

4. Principal and agent ☞124(2)—Whether defendant's agent could bind him in contract sued on is jury question.

Question whether defendant's agent had authority to bind him in contract sued on is jury question.

Appeal from Nueces County Court; Jesse Wright, Judge.

Action by H. G. Ellis against J. O. Chapman. Judgment for plaintiff, and defendant appeals. Affirmed.

Kleberg & North and M. G. Eckhardt, Jr., all of Corpus Christi, for appellant.

E. L. Coleman, of Corpus Christi, for appellee.

SMITH, J. J. O. Chapman owned and operated a retail lumber yard in the city of Corpus Christi, and J. H. Miller was the manager of the business for Chapman. C. T. Mitchell was a bookkeeper and clerk in the establishment. In the course of the business J. C. Dove' became indebted to Chapman for lumber and materials, and executed his note therefor in a sum in excess of $4,000. In May, 1925, this note, with accrued interest, amounted to $4,677.62.

For some reason not disclosed in the record W. T. Petty desired to purchase the Dove note from Chapman, which fact was ascertained by appellee, Ellis, an insurance and real estate agent in Corpus Christi. Ellis undertook to negotiate the purchase for Petty, and took the matter up with Miller, Chapman's manager, through Mitchell, Chapman's clerk, who acted as the means of communication between Miller and Ellis. By this means the parties came to an agreement whereby Miller agreed, for Chapman, to part with the Dove note for $4,000, and that Ellis could have as his commission whatever he procured Petty to pay in excess of $4,000. In pursuance of this agreement Ellis induced Petty to pay the full amount of the note and accrued interest, to wit, $4,677.62. Petty paid the full amount to Miller, and, when the latter subsequently declined to pay the excess to Ellis as his commission, the latter brought this suit against Chapman therefor. There was a jury trial, with verdict and judgment in favor of Ellis for the amount sued for, and Chapman has appealed.

[1] Miller vigorously denied that he ever agreed or consented to discount the note, or pay a commission to Ellis; but we have stated the case made by the evidence most favorable to appellee, as we are obliged to do in deference to the jury's findings. But two material contentions are presented by appellant: First, that Ellis undertook to represent both parties in the transaction, and was therefore cut off from collecting a commission from either; and, second, that Miller, as manager for Chapman, had no express, implied, or apparent authority from his principal to contract to discount the note in question, or part with it for less than its face value.

[2] It is a familiar principle that, where an agent undertakes to represent adversely interested parties in a transaction without first fully disclosing to both parties his dual representation and obtaining their acquiescence therein, he will not be entitled to recover commissions from either party. But it does not appear that this principle has been infringed in this case. It is quite clear from the record that both Petty and Miller,'

appellant's manager, knew that appellee was acting for both parties, and expected his commission from appellant, and the contract was made in contemplation of this understanding. Appellant's first proposition must be overruled.

[3] In his second proposition appellant contends that his manager, Miller, had no actual, implied, or apparent authority from appellant to make the contract sued on. These issues were not submitted to the jury, nor was any request made thereto by appellant. The only issues submitted were: First, did Miller authorize his clerk, Mitchell, to agree with appellee to pay the commission to the latter? And, second, did appellee procure the sale of the note to Petty? These were the two major issues in the case. The question of the authority of his agents to bind appellant was but incidental to the ultimate issue, and in the absence of its submission to the jury, and of a refused request thereto, it will be resolved in support of the judgment.

[4] The testimony is uncontradicted that Chapman had expressly instructed Miller not to discount notes held by them, but this instruction and consequent lack of authority in Miller was unknown to appellee. Since Miller was without actual authority, appellee was relegated to Miller's implied or apparent authority, to be assumed or inferred from the situation of the parties and the facts and circumstances of the case. It was a question of fact whether this authority was inferable in this case, and the issue thereof was primarily for the jury.

It was not submitted, nor was its submission requested, and it will therefore be resolved in support of the judgment, which must accordingly be affirmed.