Appellant predicates his appeal upon two contentions.

■ It is first contended that the court erred in overruling appellant's plea of former jeopardy. The record shows that appellant had been previously placed on trial for the same offense and the jury discharged by the court after having deliberated for approximately three hours and reporting to the court that they were unable to agree upon a verdict. It was further shown that when discharged at the former trial the jury stood three for conviction and three for acquittal; that their vote had remained unchanged from the first ballot, and that before being discharged each juror indicated to the court that he would not change his vote upon further deliberation. Under the record, the court did not abuse his discretion in concluding that the jury could not agree upon a verdict and in discharging them and declaring a mistrial. Art. 682, Vernon's Ann.C.C.P. Miller v. State, Tex. Cr.App., 322 S.W.2d 289. In overruling appellant's plea of former jeopardy, the court did not err.

■ Appellant's other contention is that the court erred in refusing to grant a mistrial after state's counsel had elicited testimony from Officer Strickland on his redirect examination that appellant had refused to take a blood test. The record shows that upon objection being made by the appellant, the court instructed the jury not to consider the testimony but refused his request for a mistrial. The record further shows that upon his cross examination by appellant's counsel Officer Strickland was asked and answered the following questions: "Q. So, this man was taken before

no doctor, nor any technician to determine whether or not he was intoxicated, in their opinion? A. No, Sir. He was not."

Appellant having first gone into the matter on cross examination of the witness by showing that he was not taken to a doctor or technician to determine his intoxication, we would not be warranted in reversing the conviction because of the state's effort on re-direct examination of the witness to show that appellant had refused to take a blood test. In refusing to grant a mistrial the court did not err. McDonald v. State, 163 Tex.Cr.R. 244, 289 S.W.2d 939; Lowery v. State, 163 Tex.Cr.R. 241, 290 S.W.2d 532 and Williams v. State, Tex.Cr.App., 305 S.W.2d 369.

The judgment is affirmed.

Opinion approved by the Court.

**OLAN MILLS, INC., Appellant,**

v.

**Arthur PRINCE, Appellee.**

No. 7233.

Court of Civil Appeals of Texas. Texarkana.

May 17, 1960.

Dan Gibbs, Dallas, for appellant.

Coon & Hoffman, Dallas, for appellee.

FANNING, Justice.

Arthur Prince sued Olan Mills, Inc., his former employer, upon contract, partly written and partly oral, for personal services rendered and for attorneys' fees. Defendant was engaged in the photographic business and employed itinerant salesmen and photographers who went from town to town soliciting business for defendant. Prince was employed more or less in a supervisory capacity as a crew leader or superintendent of sub-employees, although he made personal sales himself as well. Prince was also paid certain overrides and commissions on sales made by his crew or sub-employees, and received certain compensation for photographs that were actually taken and paid for, as a result of his and his crew's work. Prince also performed special services for his employer in connection with an injunction matter at Hearne, Texas, and performed certain special survey services for his employer at Daingerfield, Texas and Marlin, Texas. Trial was to a jury resulting in favorable findings for Prince. Judgment was rendered for Prince against Olan Mills, Inc., in the total sum of $1,899.20, based upon the following items: (a) override and commissions $599.40; Hearne injunction suit $300; Daingerfield survey $262.50; Marlin survey $262.50, and $474.80 attorneys' fees. Defendant's motion for new trial was overruled and defendant has appealed.

Appellant presents three points on appeal. Its first point reads as follows: "The trial Court erred in permitting the introduction of oral testimony for consideration of the Jury that altered, amended and superceded a written memorandum of agreement, such evidence having been objected to by Defendant."

Exhibit 1 is a written memorandum signed in behalf of appellant and mailed to appellee. It is principally a statement or memorandum as to how appellee's compensation was to be calculated upon certain stated matters. Many material matters concerning the employment and nature of the duties of appellee, according to undisputed testimony in the record, are not stated or covered in the written memorandum. The president of appellant's company, as a witness in the case, also testified that there

were oral agreements between the parties which were not included in Exhibit 1, and testified that there was an oral agreement upon the continuation of the override and commission in the event of termination of employment of appellee. The difference between his version of the oral agreement in this respect and the version as testified to by appellee was that appellant's president testified that the continuation of the compensation in question after termination was to be effective in the event appellee was discharged while appellee (who had resigned) testified that it was to be effective in the event of termination of the employment for any reason.

We hold that the evidence complained of was not in violation of the parol evidence rule, because the written memorandum was incomplete on its face, (and under the undisputed evidence did not contain all of the agreements made by the parties), and the parol testimony did not alter or contradict any part of the written memorandum in question. For a general discussion of the law applicable to the factual situation in the case at bar see the following authorities: 17 Tex.Jur., 817–820, 791, 792, 796.

■ Furthermore the record shows that subsequent testimony of the same nature complained of by appellant in its first point was introduced in evidence without any objection being raised thereto by appellant. The rule is well established that error in admitting testimony is harmless if other evidence of the same facts are admitted without objection. Henderson v. Jimmerson, Tex.Civ.App., 234 S.W.2d 710, err. ref., n.r.e.

Appellant's first point is overruled.

Appellant's second point reads as follows: "The trial Court erred when it permitted speculative testimony and conclusions to be heard and considered by the Jury as to the value of certain services over the objection of Defendant."

There is no assignment of error in appellant's motion for new trial which would support appellant's second point raised in its brief. However, an examination of the point reveals that the point, even if it were properly raised, is without merit under the record in this case. Appellant's second point is overruled.

■ Appellant's third point reads as follows: "The trial Court erred in rendering a judgment against Defendant which included attorney fees for Plaintiff's benefit, in that there was controverting evidence to the effect no demand or notice was given or made, and there was neither an issue submitted to the Jury, nor was there an affirmative finding as to such notice or demand."

Appellant's third point is not supported by a proper assignment of error in appellant's motion for new trial. The only assignment of error in the motion for new trial complaining of the allowance of attorneys' fees reads as follows:

"* * * and the Court erred in rendering a judgment in this cause, granting to Plaintiff a money judgment for attorney's fees, in that this is not a case wherein the statute outlines or provides for such fees, and further, there was no testimony or evidence of any nature, showing that Plaintiff complied with the provisions of said statute in making a demand upon Defendant or any alleged monies due for services rendered."

Said assignment of error was not carried forward into appellant's brief by a point of error and has been abandoned. Appellant's third point now contends in essence that there was a conflict of evidence which required submission of an issue to the jury on the subject of demand. The record also fails to show that defendant objected to the failure of the trial court to submit an issue on demand and also fails to show that defendant requested any special issue to be submitted

to the jury on the issue of demand. The record also shows that the following stipulation with respect to attorneys' fees was made, to-wit:

"Mr. Hoffman: It is stipulated and agreed between the parties, without the Defendant admitting that the Plaintiff is entitled to recover attorneys' fees in this case, that if the Plaintiff is entitled to recover attorneys' fees, that one-third or a fee amounting to one-third of the amount recovered, would be a reasonable attorneys' fee. Is that correct?

"Mr. Gibbs: Yes, if there is any recovery.

"The Court: All right, it is so stipulated."

Art. 2226, Vernon's Ann. Texas St., as amended, does not require that the demand be made before the filing of suit, as it did before said article was amended, but only that it be made more than thirty days prior to judgment. Gateley v. Humphrey, 151 Tex. 588, 254 S.W.2d 98. Appellee testified that all the various demands for collection of his account for his personal services rendered to appellant were made on appellant prior to filing suit. The president of appellant's company while testifying that he did not recall receiving any demands personally prior to being contacted by the attorney, made no unequivocal denial of the positive testimony given by appellee on the question of demand. The suit between appellee and appellant was pending for more than eighteen months before judgment was entered by the trial court.

It is doubtful that there was a genuine issue of demand even faintly raised by the evidence. However if such an issue was raised by the evidence, appellant waived the right of trial by jury on this issue by not objecting to the failure of the court to submit an issue upon this matter, and under Rule 279, Texas Rules of Civil Procedure, it will be presumed that the trial court found upon the issue in support of his judgment in favor of appellee. Furthermore as hereinbefore outlined appellant's motion for new trial does not contain any assignment of error which would properly support its third point. Appellant's third point is overruled.

The judgment of the trial court is affirmed.