Wm. M. MILLER, Appellant,

v.

**VAUGHN & TAYLOR CONSTRUCTION COMPANY et al., Appellees.**

No. 16206.

Court of Civil Appeals of Texas.

Fort Worth.

March 31, 1961.

Rehearing Denied April 28, 1961.

Garrett & Garrett, and Rufus Garrett, Jr., Fort Worth, for appellant.

Brannan & Brannan, and John H. Mogan, Wichita Falls, for appellees.

RENFRO, Justice.

Appellant Miller sued appellees Vaughn & Taylor Construction Company and D. D. Vaughn for breach of contract of employment as an auctioneer to sell property.

The question presented is whether the court erred in sustaining objections to parol testimony offered by appellant.

The appellant plead: "That heretofore, to-wit, on or about November 8, 1958, defendant corporation * * * employed plaintiff to sell at auction all personal property belonging to defendant corporation on terms set out in a written contract a copy of which is attached hereto as Exhibit 'A' for the purposes of incorporating the same herein by reference for all purposes as if the same were set out herein verbatim. That defendant corporation further agreed to furnish an itemized list of said personal property belonging to it to be used by plaintiff in advertising the same for sale and preparing the same for auction"; and further that appellee refused to furnish appellant with said itemized list.

The contract, made a part of the petition, provided for appellant to "sell the following described property belonging to Owner", and under the heading, "Property to be sold," appeared the words, "as per list prepared by owner."

The appellees excepted to appellant's petition on the ground the contract plead and made a part thereof was not completed because material matters were left open for further action, and made proper objections to the parol testimony offered by appellant.

In the proffered testimony appellant testified the parties agreed, contemporaneously with the execution of the written contract, that all of the personal property belonging to appellee corporation would be sold and auctioned and that a list would be prepared by appellee for advertising purposes.

It will be noted that the contract provided for sale of the "following described property belonging to Owner", and under the heading of "Property to be sold", "as per list prepared by owner." The written contract did not provide for sale of personal property. It in fact provided for the sale of no property whatsoever except "as per list prepared by owner." There is no indication in the written agreement whether the proposed sale was to consist of personal or real property or both. From the face of the instrument, it is apparent the appellant was to sell only such property as was listed by the owner.

■ A contract is not sufficiently certain to be enforced if it fails to specify the quantity of the goods to be sold. This is also true of a contract that leaves the quantity to be sold or bought entirely optional with the seller or buyer. 13 Tex. Jur.2d, p. 253, sec. 101. The contract shows by its own terms that there remained a certain matter for future determination, to-wit, what kind and how much property was to be sold as shown by a list prepared by the owner, which list was never prepared or submitted to appellant. The contract was therefore incomplete. H. B. Zachry Co. v. Maerz, Tex.Civ.App., 223 S.W.2d 553.

It was held in Hume v. Bogle, Tex.Civ. App., 204 S.W. 673, 674: "If the contract, by reason of the material terms thereof being left for future adjustment, was not a completed contract, it was, in law, no contract at all, and could not have been specifically enforced * * *. Where material terms of a contract are not agreed to, the contract is not completed, and courts will not make contracts for parties by supplying such terms."

In J. C. Engelman, Inc. v. Sanders Nursery Co., Tex.Civ.App., 140 S.W.2d 500, 504, writ refused, it was held: "It is elementary that, to constitute a binding contract between parties, it is necessary that the mutual assent of each party to the material terms thereof be expressed therein. Further, if the agreement sought to be enforced as a contract leaves material matter

open for further negotiation and agreement, it is not an enforceable contract on account of not being definite and certain."

The written contract showed by its terms that the quantity of property to be sold was to be determined by a list prepared by the owner and said list not having been prepared the contract was not completed. The rejected testimony was contradictory to or at least inconsistent with the terms of the written contract.

While a contract may be partly oral and partly written, the parol evidence must be consistent with and not contradictory to the written instrument.

Judgment is affirmed.