**Jo MORROW et al., Appellants,**

v.

**CHICAGO TRADING CORPORATION,**
**Appellee.**

**No. 17174.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 22, 1968.

Rehearing Denied Dec. 20, 1968.

Wm. Andress, Jr., of Andress, Woodgate & Hartt, Dallas, for appellants.

W. A. Pritchard, of Anderson, Henley, Shields, Bradford & Pritchard, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This action was instituted by Chicago Trading Corporation against Mrs. Jo Morrow, Mrs. Peggy Parton and Leon Parton, doing business as "Wigs by Palamo" to recover the sum of $1,107.17 representing the unpaid balance alleged to be due for certain merchandise sold and delivered. Defendants denied that the merchandise, being wigs and hair goods, had been delivered to them and also complained that they had been unable to secure an accounting from plaintiff.

Trial was had before the court, without a jury, and at the conclusion of the evidence the trial court rendered judgment for plaintiff.

The following is a summary of material antecedent facts: Mr. John Grupp (also known as John Land), president of Chicago Trading Corporation, whose place of business is in Wichita, Kansas, testified that he and his company had engaged in business dealings with defendants; that on or about November 29, 1965 Mrs. Parton and Mrs. Morrow gave an order to his company for a number of wigs. That the merchandise was shipped by Railway Express Agency, C.O.D., to Dallas where it was supposed to have been picked up and paid for by defendants. Mr. Grupp said that he contacted the defendants in Dallas several times, requesting that the merchandise be picked up, but that defendants advised him that they did not have the money at that time and if he would wait a little bit they would be able to pick it up. When the appellants failed to pick up the merchandise it was redelivered to Chicago Trading Corporation in Kansas. Mr. Grupp then had a telephone conversation with Mrs. Parton and Mrs. Morrow, the substance of same being:

"A Yes, sir, from Kansas, and told them that the merchandise had been re-

turned, and what did they want to do, and they said, 'Well, bring it down, and give it to us, on open account and we will pay you for it, little-by-little.' And I said, 'Okay, fine.' So I brought it back with me from Wichita to Dallas and delivered it to their place of business in Exchange Park."

Mr. Grupp said that this redelivery of the merchandise was made in Dallas about January 15th or 20th, 1966. He said that he personally delivered the merchandise to the appellants. In connection with this delivery he testified:

"Q Did you deliver the items you described; in other words, all of them that were originally shipped?

"A Yes.

"Q As they are described on Plaintiff's Exhibit 1?

"A Yes."

\* \* \* \* \* \*

"Q All right, sir, I'll hand you what is marked for identification as Plaintiff's Exhibit No. 2 and ask you if you can identify this.

"A Yes, sir, it is a delivery receipt.

"Q When did you receive this?

"A When I delivered it.

"Q Did one of the defendants sign this receipt?

"A Yes, sir.

"Q Did you see her sign it?

"A Yes, sir.

"Q Do I understand that you received this simultaneously with the delivery of the merchandise?

"A Yes, sir."

Plaintiff's Exhibit 2, referred to in Mr. Grupp's testimony, appears to be a printed form, bearing no date; reciting the name of the customer as "Wigs by Palamo";

over the printed statement "Date Shipped" is written "Delivered"; thereafter appears to be an itemization of wigs; following that appears the signature of "Peggy W. Parton".

Mr. Grupp testified in detail concerning other sales to appellants and accounting transactions dealing both with the account in question as well as others. He said that about two weeks prior to filing the suit he met with appellants and furnished them with an accounting and at that time appellants did not question the amount of the invoice in question.

Mrs. Parton and Mrs. Morrow expressly denied that the wigs in question had been redelivered to them by Mr. Grupp and also denied that they had been given proper credit for the cost of the wigs which had been sent back to Kansas and not accepted by them.

The trial court made findings of fact and conclusions of law in which he expressly found as a fact that Mr. Grupp had delivered the disputed merchandise to appellants at Dallas and that Mrs. Parton had signed the receipt therefor.

■ By their first point on appeal appellants contend that the trial court erred in admitting in evidence Plaintiff's Exhibit 2 as a binding receipt for the merchandise in question. In their argument under this point, as well as their second point, it is contended that the trial court fell into error in permitting the introduction of parol evidence to vary the terms of an unambiguous written contract between the parties. Appellants place great reliance upon the well established rule of law, announced by our courts for many years, that if an instrument is not ambiguous, parol evidence may not be allowed to change, alter or modify the intention of the parties to such instrument. At the same time appellants cite authorities for the well-recognized proposition of law that where an instrument is unambiguous yet is incomplete, parol evidence is admissible to supply the missing

portions provided such parol testimony does not alter or contradict any part of the written instrument in question. Hunt v. Bagwell, 111 S.W.2d 312 (Tex.Civ.App., Eastland 1937, writ ref'd); Olan Mills, Inc. v. Prince, 336 S.W.2d 186 (Tex.Civ.App., Texarkana 1960, no writ); Miller v. Vaughn & Taylor Construction Co., 345 S.W.2d 852 (Tex.Civ.App., Fort Worth 1961, writ ref'd n. r. e.); and Snodgrass v. Robertson, 167 S.W.2d 534 (Tex.Civ.App., Eastland 1942, writ ref'd).

We think that under the authorities cited by appellants the court did not err in allowing the instrument to be entered in evidence nor in permitting Mr. Grupp to supply the date thereon or to testify he had delivered the goods and had seen Mrs. Parton sign her name on the instrument under the word "Delivered". A careful examination of the exhibit in question certainly reveals that it is not ambiguous but obviously incomplete. It states clearly on its face that the goods described therein were "delivered" and shows that Mrs. Parton's name is subscribed at the bottom thereof. Mr. Grupp's explanation as to the date and the circumstances surrounding the "delivery" as well as the signing of Mrs. Parton's name thereto at the time of delivery, is not contradictory nor inconsistent with or in conflict with the portions of the instrument which are actually in writing.

See also Hardin v. James Talcott Western, Inc., 390 S.W.2d 517, 519 (Tex.Civ. App., Waco 1965, writ ref'd n. r. e.), where the court was confronted with the question of admissibility of parol evidence to show an extrinsic oral agreement supplementing the recitals in a purchase order. The court held, as we do here, that the parol evidence did not contradict the written instrument and was therefore admissible. Appellants' Point 1 is overruled.

■ By their second point of error appellants contend that the trial court's finding of fact that the merchandise originally shipped C.O.D. was subsequently delivered to appellants is "in error for lack of competent evidence."

■ We have carefully reviewed the entire record in this case in the light of this "insufficient evidence" point of error and have concluded that there is ample evidence of probative value to support the trial court's finding on this disputed issue. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). Even aside from Plaintiff's Exhibit 2, the contested instrument referred to under appellants' Point 1, there is ample evidence to support the trial court's finding of fact relating to the redelivery of the merchandise. Mr. Grupp testified that he personally picked up the merchandise at Wichita, Kansas and brought it back to Dallas in his automobile and personally delivered it to the appellants at their place of business. Mrs. Parton and Mrs. Morrow testified that this did not occur. The trial court was faced with conflicting evidence and chose to believe Mr. Grupp. This being a nonjury case, the trial court was the judge of the credibility of the witnesses and the weight to be given their testimony, and the findings of the court are entitled to the same weight and conclusiveness on appeal as the verdict of the jury. Where there is evidence of probative force to support the findings and judgment, they are controlling on the reviewing court and will not be disturbed, even though the evidence is conflicting and the appellate court might have reached a different conclusion. 4 Tex.Jur. 2d, § 839, pp. 398–401; Robinson v. Faulkner, 422 S.W.2d 209 (Tex.Civ.App., Dallas 1967).

Appellants' second point is overruled.

■ Appellants' third point of error is: "The trial court erred in failing to allow appellants credit for merchandise included on the C.O.D. shipment which was rebilled without allowing credit for the return of the C.O.D. shipment." Again, the testimony introduced concerning the accounting procedure involving merchandise sold by appellee to appellants is conflicting.

The trial court heard the testimony and resolved the conflict in favor of appellee. We find ample evidence to support the court's finding and overrule appellants' third point.

The judgment of the trial court is affirmed.