**C. G. ARCENEAUX, Appellant,**

v.

**Ray PRICE, Appellee.**

No. 11819.

Court of Civil Appeals of Texas, Austin.

May 26, 1971.

**474**

Simmang & Placke, John L. Placke, Giddings, for appellant.

Schneider & Boethel, Allan I. Schneider, Giddings, for appellee.

O'QUINN, Justice.

Ray Price brought this lawsuit against Walter Richardson,·and against C. G. Arceneaux as surety for Richardson, to recover $1,750 on a written contract for personal services as a musician.

Under the contract, Richardson engaged Price and his orchestra to perform two shows at the Brazoria County Fairgrounds Hall at Angelton, Texas, on the evening of December 12, 1969. The contract required Richardson to furnish a "cash bond" to guarantee payment of $1,750, the contract price for services of the musicians.

Arceneaux became surety on a written instrument, with Richardson as principal, by which they bound themselves "unto Ray Price in the sum of $1,750.00" on the condition:

"* * * that whereas the said Walter Richardson d/b/a 'The Show and Dance Company of Texas' has booked the said Ray Price to sing and perform on the 12th day of December, 1969, at the Brazoria County Fairgrounds Hall at Angelton * * * and has further agreed to pay the said Ray Price the sum of $1750.00 for so singing and performing and the said Ray Price has agreed to sing and perform as above stated;

"NOW, THEREFORE, if the said Ray Price shall well and faithfully sing and perform as above described then the said Walter Richardson, as Principal and C. G. Arceneaux as Surety are held and bound to him and will pay him the sum of $1750.-00 Cash money;

"But if the said Ray Price shall not sing and perform as above agreed then this obligation is to be void, otherwise to remain in full force and effect."

The record shows that Price and his orchestra appeared at the time and place specified in the contract to fill the engagement. Richardson cancelled the show "due to poor attendance", and Price and the orchestra did not perform the two shows.

Trial was before the court without a jury. The trial court rendered judgment for Price in the sum of $1,750, together with attorney's fees for $500. The court filed findings of fact and conclusions of law and found that Richardson though cited failed to appear. Arceneaux has appealed and brings four points of error.

We modify the judgment of the trial court to disallow recovery of attorney's fees against the surety, Arceneaux, and as modified the judgment of the court will be affirmed.

By cancelling the show, Richardson prevented Price from performing. The effect of this breach was to excuse Price and entitle him to recover his damages, which was the contract price for his services. The law would not require Price to do the useless act of singing and playing under the circumstances.

The liability of the surety is ordinarily measured by the liability of the principal if there is no provision in their contract to the contrary. The surety binds himself personally for the debt, default, or obligation of the principal.

In determining the surety's liability to Price on an undertaking given for performance of the contract, the contract and the undertaking are construed together.

■ The surety contract did not provide for payment of attorney's fees. Price was not entitled to recover the fees under Article 2226, Vernon's Anno.Civ.Stat., from the surety in the absence of agreement by Arceneaux to pay such fees.

The rules of law just stated are found in such standard legal publications as 13 Tex.Jur.2d, Contracts; 50 Amer.Jur. Suretyship; and 53 Tex.Jur.2d Suretyship, and are found also in the cases there cited.

The judgment of the trial court allowing attorney's fees is modified to disallow such fees, as against Arceneaux as surety, and in all other things the judgment, as so modified, is affirmed.

Modified, and as modified, affirmed.