**M. C. WINTERS, INC., Appellant,**

v.

**William COPE, Appellee.**

No. 8144.

Court of Civil Appeals of Texas, Texarkana.

Aug. 21, 1973.

485

William V. Brown, Jr., Brown & Brown, Texarkana, for appellant.

Rick Harrison, Austin, Lynn Cooksey, Dist. Atty., Texarkana, for appellee.

CORNELIUS, Justice.

This suit was filed by appellee William Cope against M. C. Winters, Inc., and M. C. Winters, individually, to recover damages for breach of contracts alleged to have been made between Cope and M. C. Winters, Inc., which Cope alleged granted him the exclusive right to haul mulch sod for Winters on a highway construction job in Bowie County, Texas. Trial was to a jury. Based upon the jury's answers to special issues the trial court entered judgment in favor of Cope against only M. C. Winters, Inc., for damages and attorney's fees in the total sum of $27,820.25. M. C. Winters, Inc. (herein referred to as Winters) appeals, assigning 33 points of error.

Cope was interested in the job of loading and hauling the mulch sod which Winters would need in the construction project, and he approached Robert Helms, who was Winters' supervisor or project foreman, about securing the contract. Helms advised Cope that he would have to check with an officer of the company before an agreement could be reached. This was done and it was decided that Cope would get the work. A written agreement was prepared by company officers at Johnson City, Texas, and was forwarded to Cope to sign. The agreement was signed for Cope by his wife and for Winters by M. C. Winters, its president. The agreement reads as follows:

"COUNTY OF BLANCO
STATE OF TEXAS

AGREEMENT

"This agreement is made this ——— day of May, 1970, by and between M. C. Winters, Inc., Johnson City, Texas and William Cope, Rte 1, Daingerfield, Texas.

William Cope agrees to perform the work described herein on Texas Highway Project I 30–3(40)128, Bowie County for the consideration and under conditions set forth herein.

1. Load, haul, dump and knock down with dozer, mulch sod from locations furnished by M. C. Winters, Inc., for a total price of forty cents ($0.40) per cubic yard.

2. Furnish at least two loaders for loading.

3. The quantity to be paid for will be measured by the Texas Highway Department in trucks.

4. M. C. Winters, Inc. will pay all royalty for mulch sod.

5. M. C. Winters, Inc. will make payrolls for William Cope. William Cope will be charged his pro-rata share of payroll taxes and insurance.

6. Payment will be made monthly at the unit price set forth hereinabove, less payrolls, taxes and insurance.

IN WITNESS WHEREOF, the parties concerned hereto have set their hands the date herein named.

M. C. Winters, Inc.          William Cope
By /s/ M. C. Winters,        /s/ William Cope"
   Pres.

Cope contended that Winters, through its project foreman Helms, orally agreed that Cope had the exclusive right to load and haul *all the mulch sod on the job,* and that he would never have to haul a distance from the sod pits to the jobsite of more than one and one-half miles. He also contended that subsequent to the initial contract Winters agreed, through its agent Helms, that if Cope would allow Winters' own trucks to haul some of the sod, it would do so and would pay Cope 20¢ per cubic yard for the sod so hauled. This arrangement was just another way for Cope to get the sod hauled, as he usually would knock down and load the sod into trucks of others whom he hired to haul the sod for him at 20¢ per yard. Under his written agreement with Winters, Cope was to be paid 40¢ per cubic yard of sod that he knocked down, loaded and hauled.

The contentions as to the exclusive nature of the hauling contract and the agreement of Winters to pay Cope 20¢ per cubic yard of sod hauled by Winters' trucks are those of Cope, of course, and they were vigorously disputed by Winters. It contended that the written agreement was the only agreement, and that there was no agreement to grant any exclusive right to Cope, but that the arrangement with Cope was merely an option providing that for whatever sod Cope knocked down, loaded and hauled he would receive 40¢ per cubic yard. The corporation denied that there was any agreement or any arrangement made whereby Winters' trucks were to do any hauling for Cope, and it insisted that Cope had been paid for every yard of sod hauled.

Cope further contended that after a dispute arose, Winters forced him off the job and refused to let him complete the work. He further alleged that Winters had not paid him for the sod he allowed its trucks to haul while he was on the job. Damages were claimed for the sod Cope was prevented from hauling (being that actually hauled in completion of the job after he was terminated) at 20¢ per cubic yard, and that hauled by Winters' trucks while Cope was still on the job, also at 20¢ per cubic yard.

The issues submitted to the jury and the jury answers thereto were:

"SPECIAL ISSUE NO. 1.

"Do you find from a preponderance of the evidence that William Cope and the M. C. Winters Corporation entered into a written agreement relative to William Cope hauling mulch sod?

Answer 'yes' or 'no.'

Answer: Yes.

"If you have answered Special Issue No. 1 'yes,' and in that event only, then answer the following issue:

"SPECIAL ISSUE NO. 2.

"Do you find from a preponderance of the evidence that the written agreement entered into by William Cope and M. C. Winters, Inc., relative to the hauling of mulch sod included the complete agreement between William Cope and M. C. Winters, Inc.?

Answer 'yes' or 'no.'

Answer: No

"If you have answered Special Issue No. 2 'no', and in that event only, then answer the following issue:

"SPECIAL ISSUE NO. 3.

"Do you find from a preponderance of the evidence that William Cope was wrongfully prevented from performing the conditions of the full agreement by M. C. Winters, Inc.?

Answer 'yes' or 'no.'

Answer: Yes

"SPECIAL ISSUE NO. 4.

"Do you find from a preponderance of the evidence that M. C. Winters, Inc., agreed to pay William Cope twenty cents per cubic yard for sod hauled by M. C. Winters, Inc., after William Cope began the performance of the agreement entered into in May of 1970?

Answer 'yes' or 'no'.

Answer: Yes.

"SPECIAL ISSUE NO. 5.

"From a preponderance of the evidence how many cubic yards of mulch sod do you find were hauled by M. C. Winters, Inc., after May 1, 1970, and before September 1, 1970?

Answer in number of cubic yards.

Answer: 49990

"SPECIAL ISSUE NO. 6.

"From a preponderance of the evidence what number of cubic yards of mulch sod do you find to have been hauled in the completion of the job after William Cope was terminated?

"Answer in number of cubic yards.

Answer: 61,291

"SPECIAL ISSUE NO. 7.

"What sum of money, if any, do you find from a preponderance of the evidence would adequately compensate William Cope for having been prevented, if he was, from completing the job in which he was engaged at the time of his termination?

Answer in dollars and cents, if any, of 'none'.

Answer: 12,258.20

"SPECIAL ISSUE NO. 8.

"From a preponderance of the evidence, what sum of money, if any, do you find to be a reasonable attorneys fee for the prosecution and collection of the loss sued for herein?

Answer in dollars and cents, if any.

Answer: $5,564.05."

Points 1 through 8 attack Special Issue No. 2 on the grounds that there is no competent evidence or insufficient evidence to support it and it is against the great weight and preponderance of the evidence, and that the evidence introduced to support it was not admissible. What is actually contended in all these points is that (1) proof of the alleged oral agreement as to the exclusive right to haul the sod was in violation of the parol evidence rule; and (2) such oral agreement, if made, was not binding on Winters, because Helms was not an officer of the company and had no authority to make the agreement. We will discuss these questions in that order.

The general rule is that parol evidence is not admissible to vary or contradict the terms of a written agreement, it being conclusively presumed that all prior or contemporaneous agreements have been merged into the written agreement. There are many exceptions to this rule, however. One of the well recognized exceptions is that when the written agreement is incomplete, parol evidence is admissible to supply the complete agreement. Magnolia Warehouse & Storage Co., Inc. v. Davis & Blackwell, 108 Tex. 422, 195 S.W. 184 (1917); Olan Mills, Inc. v. Prince, 336 S.W.2d 186 (Tex.Civ.App.—Texarkana 1960, no writ); Morgan v. Steinberg, 23 S.W.2d 527 (Tex.Civ.App.—Amarillo 1929, no writ); 23 Tex.Jur.2d, pps. 573, 574. It is also settled that a contract may be partly in writing and partly in parol. 23 Tex. Jur.2d p. 573; C. A. Bryant Co. v. Hamlin Independent School District, 118 Tex. 255, 14 S.W.2d 53 (1929, opin. apprvd.); Van Horn Irrigated Farms, Inc. v. Leonard, 295 S.W.2d 516 (Tex.Civ.App.—El Paso 1956, no writ). It seems to us that the written agreement here is incomplete and that parol evidence was admissible to show the complete agreement and to explain the uncertainties apparent on its face. The parol evidence admitted on behalf of Cope did not vary or contradict the writing, but only explained it and supplied the incomplete details. Olan Mills, Inc. v. Prince, supra; Halbert v. Ward, 61 S.W.2d 162 (Tex.Civ.App.—Amarillo 1933, error ref'd). Even Winters repeatedly urged to the trial court that the written agreement was incomplete and did not contain the essentials of a binding contract. And, while Winters objected to the parol evidence, both it and Cope treated the writing throughout the trial as incomplete. Winters' objections to the evidence could not change the incomplete nature of the writing, and if the writing was incomplete, the objections were not valid. We believe the trial court was authorized to conclude that the writing was incomplete and that parol evidence was admissible to explain and

supply the missing details of the agreement.

■■ As to the lack of authority on the part of the alleged agent of Winters, Cope alleged that the foreman, Helms, agreed with him that his right to haul the sod was an exclusive one. Winters contends that even if parol evidence was admissible, this foreman was not authorized to make such an agreement on behalf of the corporation. The authority of Helms to act for the corporation was a constituent element of Cope's ground of recovery and was referable to the issue of whether or not Winters had contracted to let Cope have the exclusive right to haul sod on the job. An issue should have been submitted to the jury on the agent's authority to bind the corporation. Since it was a constituent element of Cope's ground of recovery on the contract, it was his duty to secure a finding thereon. However, when he did not request an issue thereon, a jury determination thereof was waived and the trial judge was authorized to find the issue in accordance with a preponderance of the evidence, unless Winters objected to the failure of the court to submit an issue on such question. Rule 279, Texas Rules of Civil Procedure; Galveston-Houston Interurban Land Company v. Dow, 193 S.W. 353 (Tex.Civ.App.1917, error ref'd); Chapman v. Ellis, 289 S.W. 189 (Tex.Civ. App.—San Antonio 1926, no writ); Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79 (1940); Rodriguez v. Higginbotham-Bailey-Logan Company, 172 S.W.2d 991 (Tex.Civ.App. San Antonio 1943, er. ref'd); Jordan v. Collier, 223 S.W.2d 544 (Tex.Civ.App. Eastland 1949, ref'd., n. r. e.); Skelly Oil Co. v. Medical & Surgical Clinic, 418 S. W.2d 574 (Tex.Civ.App.Tyler 1967, no writ). Winters did not object to the failure to submit an issue on the agent's authority to bind the corporation. It did object to certain of the issues because, as it contended, Helms ". . . . *had no such authority*. . . .", but it did not object to the failure of the court to submit an is-

sue thereon as required by Rule 279. Wells v. Burns, 480 S.W.2d 31 (Tex.Civ. App.El Paso 1972, no writ). Not having objected to the failure to submit said issue to the jury, Winters put itself in the position of agreeing to the court's determination of such issue, and in such case it will be presumed that the trial court found the issue in such a way (that is, that Helms had such authority) as will support its judgment. Lunsford v. Sage, Inc. of Dallas, 438 S.W.2d 615 (Tex.Civ.App.Houston 1st 1969, ref'd, n. r. e.). There was testimony that Helms was the superintendent in charge of the entire job; that he told the subcontractors what to do and when; that he had general control of the satisfactory completion of the project; and that he had the power to fire Cope. Of course his authority was controverted by evidence from Winters, but we believe there was sufficient evidence to support a finding that he had authority to make the agreement alleged. The authority of an agent may be proved by circumstantial, as well as direct evidence. 2 Tex.Jur.2d 714 et seq. The question here was not one of ultra vires, which is a lack of power on the part of *the corporation itself* to act in a particular way. It was a question of the authority of an agent to bind his principal. Points of error numbers 1 through 8 are respectfully overruled.

■■ Points 9 through 17 complain of Issue No. 3 which found that Winters wrongfully prevented Cope from performing the conditions of the full agreement. Complaint is based on the failure to find what the full conditions of the agreement were, or that there ever was a full agreement and that the issue is global, vague and indefinite and assumes facts not proven. While jury findings that the writing did not embody the full agreement, and that Cope was wrongfully prevented from performing the full agreement (with no finding as to what the full agreement was) may be sufficient to establish an actionable wrong, they are clearly not sufficient to establish damages for such wrong, because

the damages depended on how much sod Cope had the right to haul under the agreement. Here it appears that on the basis of jury findings that (1) the written agreement was not the full agreement; (2) Cope was wrongfully prevented from performing the full agreement, and (3) 61,291 cubic yards of sod were hauled to complete the agreement, the trial court multiplied 61,291 x $0.20 (Cope's net compensation), and rendered judgment for Cope for that amount. In order to have properly done that, however, there must have been a finding that the full agreement gave Cope the *right to haul all the sod used.* In the absence of a finding as to how much sod (either all of it or some specific amount) Cope's contract gave him the right to haul, there can be no judgment at 20¢ per yard for that which he was wrongfully prevented from hauling, because the amount is unknown. Had Winters not objected to the failure to submit this fact issue, it would have found itself again in the position of agreeing to have the court find it, and as in the case of the authority of the agent, we would presume that the court found it in support of its judgment if there was evidence to support such a finding. But here, unlike most of its other objections, Winters objected to Issue No. 3 because ". . . . it is vague and indefinite as to what the conditions of the full agreement are or might be . . .," and because ". . . such conditions . . . are disputed fact issues in the case." Although this does not specifically say objection is made to the failure of the court to submit the issue, we believe that was its effect and that it was definite enough to apprise the trial court that complaint was being made because of the failure to submit such fact issue. Texas Employers' Ins. Ass'n. v. Thames, 236 S.W.2d 203 (Tex.Civ.App.—Fort Worth 1951, er. ref'd). We believe Winters was entitled to have the jury pass upon how much sod Cope was entitled to haul, or if he was entitled to haul all of the sod under the terms of the full agreement. In the absence of such a finding there is no basis on which to assess damages for the breach of the

contract. Had the evidence been undisputed that if the writing did not contain the full agreement, the full agreement was that Cope could haul all of the sod, there would have been no need to submit an issue to the jury on that question. But, Winters not only claimed that the writing embodied all of the agreement (incomplete though it was), it also expressly disputed the fact that any oral agreement had ever been made that Cope could haul all the sod. Therefore, the issue as to whether there was an agreement that Cope could haul all of the sod was not uncontroverted. Furthermore, the jury finding that the writing was not the full agreement is not tantamount to a finding that Cope's version of the alleged agreement was true. Hill v. Leschber, 235 S.W.2d 236 (Tex.Civ.App. —Austin 1950, no writ). Points 28, 29 and 32, which more properly relate to the error above mentioned, are therefore sustained. Points 9 through 17 are overruled.

■ Points 18 through 27 complain of Issue No. 4 which found that Winters agreed to pay Cope 20¢ per yard for sod hauled by its trucks while Cope was still on the job. Complaint is made mainly on grounds that the testimony supporting this allegation violated the parol evidence rule; that Helms had no authority to act for Winters in that respect; and that such agreement was not supported by consideration.

The parol evidence rule did not prohibit such testimony because the agreement was subsequent to, and a different contract from, the written agreement. 23 Tex.Jur. 2d p. 512–513; Waco Ice & Refrigerating Co. v. Wiggins, 32 S.W. 58 (Tex.Civ.App. 1895); 1 McCormick & Ray, Texas Evidence, Sec. 1671. The objection as to Helms' lack of authority fails for the same reasons which are set out heretofore with respect to such argument as it related to the making of the original alleged exclusive hauling contract. Helms' authority being a constituent element of Cope's ground of recovery under such contract, and Cope not having requested an issue

thereon and Winters not having objected to the failure to submit an issue as to such authority, the trial court was justified in finding such authority according to his view of the evidence. Wichita Falls & Oklahoma Railway Co. v. Pepper, supra. The same is true as to consideration for such agreement. It was an omitted constituent element of Cope's ground of recovery. Cope did not request an issue thereon and Winters did not object to the failure to submit such issue. Therefore, we must presume that the trial court found that issue in a manner to support its judgment. There is evidence to support a presumed finding of consideration for this oral agreement, because this arrangement would lessen Winters' liability (from 40¢ to 20¢ per cubic yard) for the sod which was knocked down and loaded by Cope and which he caused to be hauled.

█ Inasmuch as Cope was relying upon a completely oral contract in this ground of recovery, it was necessary that he specifically plead consideration for the agreement. Cisco & N. E. Ry. Co. v. Ricks, 33 S.W.2d 878 (Tex.Civ.App.—Eastland 1930, no writ). Winters, however, did not specially except to this defect in the pleadings. A special exception was all that would have been necessary, as a sworn plea of no consideration is only necessary when a written instrument is declared upon. Tex.R.Civ.P. 93. However, no exception whatever was made by Winters to this defect in pleading, and the same was waived. Tex.R.Civ.P. 90 and 91.

█ Points 30 and 31 urge that the court erred in submitting issues on attorney's fees and in rendering judgment for attorney's fees under Art. 2226, Vernon's Ann.Tex.Rev.Civ.Stat. The action of Cope here was for damages for breach of two alleged contracts and the case was submitted to the jury on that theory. There was no action to recover for work performed or material furnished. There was no claim by Cope that he had not been paid for the sod he had hauled. Rather than seeking a recovery for work done by Cope, he was seeking to recover *damages for breach of contract* to pay him for what *others had done,* and damages for his *being prevented from fulfilling his contract* for services. This being a suit for damages for breach of contract, attorney's fees under Art. 2226 were not recoverable. Arceneaux v. Price, 468 S.W.2d 473 (Tex.Civ.App.Austin 1971, no writ); Kirkwood & Morgan, Inc. v. Roach, 360 S.W.2d 173 (Tex.Civ.App.San Antonio 1962, ref'd, n. r. e.); Eisenbeck v. Buttgen, 450 S.W.2d 696 (Tex.Civ.App. Dallas 1970, no writ); Klemp Corp. v. Thompson, 402 S.W.2d 257 (Tex.Civ.App. Waco 1966, no writ); Roby Industries, Inc., v. Maxwell Electronics Corporation, 409 S.W.2d 559 (Tex.Civ.App.Dallas 1966, ref'd, n. r. e.); Zummo Cattle Co. v. Millard, 482 S.W.2d 17 (Tex.Civ.App.Tyler, 1972, ref'd, n. r. e.). Points 30 and 31 are sustained.

Point 33 complains that the court erred in granting judgment for more than the amount set out by the jury in its answer to Issue No. 7. In view of the other rulings made herein, it is not necessary that we pass upon this point.

From the foregoing it can be seen that Cope was entitled to judgment, but not for the amount awarded. He was entitled to judgment for 20¢ (the undisputed payment per yard) for the 49,990 cubic yards hauled by Winters' trucks while Cope was on the job under its agreement with Cope to pay him therefor, as found by the jury, which amounts to $9,998.00. He was not entitled to judgment against Winters for wrongfully preventing his completion of the original contract, because Winters was entitled to a jury finding on what Cope's rights were under the contract. Nor should attorney's fees have been allowed.

█ Cope pleaded that the agreement of Winters to pay him 20¢ per yard for sod hauled by Winter's trucks was made subsequent to the original sod hauling agreement. The agreements were treated as separate agreements in the submission

of issues to the jury. Each one could have been tried as a separate lawsuit and they are therefore severable. Since we have concluded that Cope was entitled to judgment on the subsequent contract and the amount of that judgment is a matter of mere mathematical calculation, there is no reason to require a retrial of that action because of the error affecting the other. Tex.R.Civ.P. 434. Therefore, judgment will be here rendered for Cope on the cause of action under the subsequent agreement in the sum of $9,998.00, disallowing attorney's fees. Cope's cause of action against Winters for damages for wrongfully preventing him from finishing the alleged exclusive hauling contract is reversed and remanded for a new trial. Rule 434, supra.

Judgment rendered in part; reversed and remanded in part.