Sybil GOETZ, Appellant,

v.

James H. GOETZ, Appellee.

Nos. 18729, 18752.

Court of Civil Appeals of Texas,
Dallas.

Jan. 29, 1976.

Rehearing Denied Feb. 26, 1976.

Jack G. Kennedy, Kennedy, Minshew & Evans, Sherman, for appellant.

Sam W. Pettigrew, Pettigrew, Buckley & Wagner, Grand Prairie, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Divorce action. Sybil Goetz sued James H. Goetz in the district court of Grayson County seeking a divorce and a division of property. James H. Goetz brought a cross-action for divorce. Following trial before a jury, the court granted the divorce and decreed a division of the property. Sybil Goetz appeals only from that part of the judgment dividing the property and appointing a receiver. We reverse and remand.

Appellant-wife brings forward twenty-six points of error. One of her primary arguments is that the trial court erroneously submitted certain of her special issues to the jury conditionally; that the jury did not answer these special issues; and that the judgment of the trial court is based, therefore, upon an incomplete verdict. We agree with appellant.

Appellant-wife, among other things, pleaded and offered proof that appellee-husband had created the "J.H.G. Corporation," which was appellee's alter ego and was utilized to perpetrate a fraud upon the property rights of appellant; thus, since the corporation was property acquired during marriage, the presumption would arise that it was community property. She contended that the corporate image should be disregarded and that the court should consider the J.H.G. Corporation to be community property when dividing the marital estate. In special issue number five, the trial court asked the jury whether the $1,000 used to organize and purchase stock in the J.H.G. Corporation came from the Goetz Oil Company, which was the separate property of appellee. Conditioned upon a negative answer to issue number five, the court submitted special issues numbers nine and ten, requested by appellant which asked whether James H. Goetz conducted the affairs of the J.H.G. Corporation in such a manner that the corporation became the alter ego of James H. Goetz and whether he used the corporation as a means of perpetrating a fraud upon the property rights of Sybil Goetz. The jury did not answer special issue number five and, as a result, did not answer issues nine and ten. Appellant objected to the conditional submission of special issues nine and ten and to the rendition of judgment based upon a verdict which was incomplete due to the failure of the jury to answer issues nine and ten. Appellee argues that if the trial court committed error in the conditional submission of the issues then that error was harmless because the verdict of the jury in a divorce action is merely advisory and is not binding on the trial court in dividing the property of the parties.

**718**

As stated by the court in *Jerrell v. Jerrell*, 409 S.W.2d 885 (Tex.Civ.App.—San Antonio 1966, no writ), the constitutional provision securing the right to trial by jury includes a divorce suit. Tex. Family Code Ann. § 3.61 (Vernon Supp.1975), formerly Tex.Rev.Civ.Stat.Ann. art. 4632 (Vernon 1960), authorizes either party to demand a jury trial in a divorce case. Although the findings of the jury are only advisory in some aspects of the case, it is reversible error to fail to submit all disputed fact issues to a jury where a jury is timely demanded. *Jerrell v. Jerrell*, 409 S.W.2d 885 (Tex.Civ.App.—San Antonio 1966, no writ); *Langford v. Langford*, 337 S.W.2d 181 (Tex.Civ.App.—San Antonio 1960, no writ); *Baker v. Baker*, 104 S.W.2d 531, 532 (Tex.Civ.App.—San Antonio 1936, no writ). We agree with appellee that § 3.63 of the Texas Family Code vests the trial court with wide discretion in its division of the property of the spouses and in disregarding jury findings which are advisory only. However, the court may not ignore jury findings on issues of fact from which the status of property is determined. *Cockerham v. Cockerham*, 527 S.W.2d 162, 173 (Tex.1975).

Since the jury did not answer special issue number five, the jury could not answer issues nine and ten which were submitted conditioned upon a negative answer to issue number five. If the jury had answered issue number five, even an affirmative answer would not have made issues nine and ten immaterial. Issues nine and ten were affirmative issues presenting the appellant's theory as outlined above to the character of the J.H.G. Corporation. Appellant was entitled to have these issues submitted to the jury unconditionally. Since these questions determine whether assets ostensibly owned by the corporation should be treated as community property in the division of the estate, the trial court is bound by the answers. We find, therefore, that the trial court committed reversible error in submitting appellant's issues nine and ten in a conditional manner and in rendering judgment based upon a verdict which was incomplete. We, therefore, reverse and remand.

In view of our holding that the cause be remanded, we will discuss other complaints advanced by appellant which may arise again on retrial.

During their marriage, appellant and appellee entered into a written agreement dated October 6, 1970, wherein appellee agreed to transfer to appellant his interest in the Goetz Distributing Company, including the Butane and Propane portion of the company, and appellant agreed to transfer her interest in Goetz Oil Company to appellee. Appellee alleged that in a prior oral agreement, they had further agreed that appellee would receive as further consideration from appellant all of her interest in the realty belonging to the parties, with the exception of their home and a warehouse. Appellant denied making any oral agreement. Testimony of the alleged oral agreement was admitted into evidence over appellant's objection that it violated the parol evidence rule. Without addressing the question of whether community property may be made separate by an oral agreement of the spouses,[1] we hold that the trial court erred in admitting the parol testimony.

The general rule is that when parties have reduced their contract to a writing which expresses the terms and the character of the agreement without uncertainty, it is presumed that the writing contains the whole of the agreement made, and evidence of a contemporaneous oral agreement will not be admitted to contradict or vary the terms of the written agreement. *Self v. King*, 28 Tex. 552, 553 (1866); *M. C. Winters, Inc. v. Cope*, 498 S.W.2d 484, 488

---

1. Tex.Family Code Ann. § 5.42(a) (Vernon 1975) and its predecessor Tex.Rev.Civ.Stat. Ann. art. 4624a (Vernon 1960), which was in effect at the time of the agreement, require that a partition or exchange of property between spouses be in writing.

(Tex.Civ.App.—Texarkana 1973, no writ). Since appellant objected to the admission of testimony concerning the oral agreement, that testimony was inadmissible absent a showing by appellee that the written contract comes within one of the exceptions to the parol evidence rule. One exception to the rule arises when the written agreement is ambiguous. In this instance, however, appellee did not plead ambiguity, and we find that the written agreement is clear and unambiguous. Accordingly, it was error for the trial court to permit the introduction of parol testimony to vary the terms of this agreement.

■ Appellant also complains that the trial court erred in submitting special issues number two and three over the timely objection of appellant. Special issue number two inquired whether it was the intention of the parties to the written agreement of October 6, 1970, that certain real property was to become the property of Goetz Oil Company. The submission of this issue was clearly erroneous since (1) appellee did not plead ambiguity of the written agreement entered into between the parties and (2) the agreement appears on its face to be unambiguous. In the absence of ambiguity, it is not within the province of the jury to construe a written instrument. *Burgess v. Sylvester*, 143 Tex. 25, 182 S.W.2d 358, 360 (1944). Consequently, the issue inquiring as to the intent of the parties is immaterial.

Special issue number three, submitted over objection of appellant, asked whether James H. Goetz made valuable permanent improvements to certain real property. We agree with appellant's contention that this issue was immaterial because no issue was submitted concerning the source of the funds used to make the alleged valuable improvements.

■ Appellant next complains of the admission into evidence of an unrecorded special warranty deed, offered by appellee to show that a $95,000 note in his favor was no longer in existence and that he had, therefore, suffered a financial loss. It was error to admit the unrecorded instrument absent proof of its execution. The record shows that the instrument was admitted into evidence, over appellant's objection, without being authenticated in any manner. Tex. Rev.Civ.Stat.Ann. art. 3726 (Vernon Supp. 1975) provides that a recorded instrument may be introduced without proof of its execution if filed with the papers of the suit at least three days before the trial begins; that article is not applicable where, as here, the instrument has not been recorded.

■ Finally, appellant complains of the trial court's failure to render a default judgment against J.H.G. Corporation because the corporation did not appear or answer although it was served with process. In her pleading, appellant alleged that the J.H.G. Corporation had been created and incorporated as a sham in an attempt to perpetrate a fraud upon her and to deprive her of a portion of the community property purchased during the marriage. Tex.R. Civ.P. 240 provides:

Where there are several defendants, some of whom have answered or have not been duly served and some of whom have been duly served and have made default, an interlocutory judgment by default may be entered against those who have made default, and the cause may proceed or be postponed as to the others.

In this instance appellant did not move for interlocutory judgment by default against the corporation but proceeded to trial and presented evidence to support her pleading that the corporation was a sham and merely an alter ego of appellee. Issues relating to the allegations of alter ego were submitted to the jury at the request of appellant. As discussed above, the jury did not answer the issue on alter ego because the issue was conditionally submitted. In the particular circumstances of this divorce action, appellant waived for purpose of this appeal her right to demand a default judgment by proceeding to trial without taking advantage of defendant's failure to answer and by waiting until after judgment was entered to complain of the court's failure to

render default judgment against the corporation. *Nealy v. Fidelity Union Life Insurance Co.*, 376 S.W.2d 401, 402 (Tex.Civ.App. —Dallas 1964, no writ); *Foster v. L.M.S. Development Co.*, 346 S.W.2d 387, 397 (Tex. Civ.App.—Dallas 1961, writ ref'd n. r. e.); *Shaw v. Whitfield*, 35 S.W.2d 1115 (Tex.Civ. App.—El Paso 1931, no writ).

In cause number 18729 before this court, appellant appealed from an order entered after the decree of divorce in which a receiver was appointed without notice or hearing. Our reversal of the primary appeal and rendition for new trial renders the receivership issue moot. We, therefore, dismiss the receivership appeal.

 For the reasons stated, we reverse the judgment of the trial court and remand the cause for a new trial. We find, however, that appellant has committed an unreasonable infraction of the rules with respect to the preparation of the record on appeal. Notwithstanding the express admonition contained in Tex.R.Civ.P. 370 that the record on appeal should be shortened, as much as possible, to further the ends of justice with as little expense and delay as possible, appellant directed the district clerk to include in the transcript many instruments which are not material to issues raised on appeal. The immaterial documents include abandoned pleadings, judge's fiats, temporary orders, motions for continuance, motions for contempt, subpoenas, notices to take oral depositions, request for jury. These and other unnecessary instruments comprise approximately one-half of the 374-page transcript. Tex.R.Civ.P. 376 specifically sets forth the instruments which shall be included in the transcript, and this rule should be adhered to strictly. Accordingly, we order that one-half of the costs of the transcript be assessed against appellant and one-half against appellee.

Reversed and remanded.